Carl Landis, for the Use of Melvin Talley, Plaintiff-Appellant, v. New Amsterdam Casualty Company, Defendant-Appellee.

Term No. 52–F–6.

Opinion
filed May 19, 1952. Rehearing denied and opinion modified June 4, 1952. Rehearing denied August 7, 1952. Released for publication August 9, 1952.

DOROTHY WILBOURN SPOMER, of Cairo, and GERALD B. ROWAN, of Cape Girardeau, Missouri, for appellant.

STONER & FOWLER, of Marion, for appellee.

MR. PRESIDING JUSTICE CULBERTSON delivered the opinion of the court.

This is an appeal from a judgment of the circuit court of Alexander county finding the issues for appellee, New Amsterdam Casualty Company, a corporation (hereinafter called defendant), and as against appellant, Carl Landis, for the use of Melvin Talley (hereinafter called plaintiff). The action was a garnishment suit brought against the defendant Company, based upon an automobile garage liability policy issued by the defendant Insurance Company to E. A. Peters. The record shows that E. A. Peters operated a garage at Anna, Illinois, and had employed a certain Carl Landis. In December of 1947, when Peters planned to go on a vacation, he gave instructions to Landis to go to the farm owned by Peters each morning to milk the cows and do certain other chores, and to deliver the milk to Landis' home. Landis was given permission by Peters to use Peters' pickup truck for

562

this purpose. On December 31, 1947 Landis took the truck, performed the duties of milking the cows, etc., but before returning the truck to the garage and while the truck was still in his possession, he used it for a purpose of his own and for his personal pleasure, and when he was returning toward Anna, Illinois, an accident occurred in which plaintiff Melvin Talley was injured.

An action was brought by Talley in the circuit court, and as the result of such action Talley recovered a judgment against Landis in the sum of $30,000. This judgment was never satisfied and the garnishment suit was brought against New Amsterdam Casualty Company, which had issued a policy of insurance to Peters on the truck. The policy was in full force and effect at the time of the accident. The basic question before this court is whether Carl Landis was an additional assured under the policy issued to Peters. The policy does not contain a so-called "omnibus clause," but contains a provision that it must comply with the "Financial Responsibility Law" of any State which should be applicable with respect to any liability arising out of the use of the automobile of the insured. Plaintiff contends that the Illinois Statute requires an omnibus clause to be read into this policy so that the policy covers Landis, a person who was using the motor vehicle with the permission of the insured, Peters.

A stipulation was filed by the parties wherein it was stipulated, among other things, that a garage liability policy was in effect, which had been issued to Peters; that Peters had had no operator's license, chauffeur's license, nor certificate of registration, or license plates revoked or suspended; and that Peters had filed with the State of Illinois a Certificate issued by defendant Insurance Company, certifying that it had issued to Peters a motor vehicle liability policy complying with

section 16 of "The Illinois Truck Act"; that at the time of the accident Landis was driving the truck owned by Peters; and that Landis was not on business of Peters, but on a personal trip to taverns and was returning to Anna; that plaintiff recovered judgment against Landis for $30,000; and also to the effect that the testimony of Landis and Peters which was attached to the stipulation, as Exhibit A, may be read in evidence on the trial, subject to objections of the parties as to competency of the answers, with the same force and effect as if said Peters and Landis had each personally appeared on the trial of the garnishment proceedings. On the trial of the cause plaintiff offered in evidence the stipulation, which stipulation included Exhibit A attached to it. It was admitted into evidence by the court.

The applicable Illinois Statute provides (1951 Illinois Revised Statutes, chapter 95½, section 58k [paragraph 58k, section 42–11]) [Jones Ill. Stats. Ann. 85.064 (11)], "A motor vehicle liability policy, as said term is used in this Act, . . . shall meet the following requirements: . . . (2) Said policy shall insure the person named therein and any person using or responsible for the use of said motor vehicle or vehicles with the express or implied permission of said insured; . . . ."

Paragraph 6 of the policy involved in the case before us provides as follows: "Such insurance as is afforded by this policy for bodily injury liability or property damage liability with respect to any automobile owned by the named insured shall comply with the provisions of the motor vehicle financial responsibility law of any State or province which shall be applicable with respect to any such liability arising out of the ownership, maintenance or use of the automobile during the policy period, to the extent of the coverage and limits of liability required by such law, but in no event in excess of the limits of liability stated

in this policy. The insured agrees to reimburse the company for any payment made by the company which it would not have been obligated to make under the terms of this policy except for the agreement contained in this paragraph.''

It is the contention of plaintiff that by reason of the Statutes and the provisions of the policy that an omnibus clause is to be read into the policy of insurance so that the particular accident and judgment in favor of Talley, as against Landis, is covered by the policy issued by defendant Insurance Company.

It has been stated that the requirement of a deposit of security to guarantee payment of compensation to innocent victims of accidents, where liability is determined, exempts from the requirement a person who was properly insured against liability when the accident occurred. There has been some dissatisfaction with the ineffectiveness of early legislation which did not protect victims of a ''first accident'' but only future victims (40 Illinois Law Review 237). A provision had been recommended which related not only to the giving of proof of future financial responsibility, but which also protected so-called ''victims of the first accident.'' The draftsman of the Illinois Law Review article *(supra)* concluded that the Illinois Act incorporates this new type of financial responsibility law which had been recommended by the Safety Responsibility Committee of the A. A. A.

In *Hardware Mutual Casualty Co. v. Wendlinger,* 146 F. (2d) 984, the federal court had under consideration a garage liability policy issued to an Illinois partnership. While the court concluded that the policy did not cover use for pleasure, and therefore, that the policy did not apply, the question of whether or not the omnibus clause was to be read into the Illinois Statute was given consideration. The court in that case said (at page 988): ''The Illinois Statute . . . ,

Section 58 K. We assume that it, by virtue of its intrinsic effect and also by the express policy provision heretofore referred to, is to be considered written into the policy sued on in this case.'' The provision of the policy in the case before the federal court contained the same provisions as paragraph 6 of the policy now before this court. The reference in the policy of insurance to the Financial Responsibility Law of a State has resulted in the conclusion that such applicable law, including the omnibus clause, is to be read into the policy (*Hardware Mutual Casualty Co. v. Wendlinger, supra; Newton v. Employers Liability Assurance Corp.*, 107 F. (2d) 164; *Culver v. Webb*, 244 Wis. 478, 12 N. W. (2d) 731).

■■ The fact that the Statute requires the inclusion of an omnibus clause in a liability insurance policy makes such inclusion mandatory and the provision will be read into the policy to broaden the coverage of automobile liability policies consistent with the clear public policy reflected in the Statute (*Jordan v. Shelby Mutual Plate Glass & Casualty Co.*, 142 F. (2d) 52). A liberal interpretation of the coverages of such policies is consistently adhered to.

■ While we have no precise precedent in this State on the subject, it is apparent that the legislative intent was to provide for coverage of persons using such motor vehicles with the express or implied permission of the insured at the time of such use, in accordance with the provisions of section 58k of the Illinois Act referred to above. It is, therefore, our conclusion that the omnibus clause should be read into the policy, and that Carl Landis was covered by the terms of the policy at the time he was using the automobile with the permission of the owner.

■ Since the motor vehicle was delivered to Carl Landis for his use with the permission of the insured, within the meaning of the omnibus clause, his subse-

quent use of the automobile is considered to be with the permission of the insured within the meaning of the omnibus clause, even though Landis went to places and for purposes not within the contemplation of the insured at the time of the granting of permission and delivery of possession of the vehicle to Landis (*Jefson for Use of Alber v. London Guarantee & Accident Co., Ltd.*, 293 Ill. App. 97; *Jackson for Use of Schaer v. Bankers Indemnity Ins. Co.*, 277 Ill. App. 140; *Karton v. New Amsterdam Casualty Co.*, 280 Ill. App. 201).

Since the policy itself, in paragraph 6 thereof, and through the Illinois Statute (section 58k, chapter 95½, 1951 Illinois Revised Statutes), makes the omnibus clause a part of the policy, it is therefore our conclusion that the policy covered Landis while the motor vehicle was being used with the express and implied permission of the insured. Since Landis as the driver had the initial permission of the owner, Peters, to use the truck on the day in question, all subsequent use of the truck by the driver is construed to be with the permission of the insured, within the meaning of the Statute and the policy. Landis was an additional assured under the policy issued by defendant Insurance Company. He was an additional assured within the limits of the policy and was entitled to coverage as such assured (*Culver v. Webb, supra*).

Contentions are made on appeal in this cause that the failure of plaintiff to reply to the answer of defendant admits the truth of the garnishee's answer for all purposes. The record shows that a stipulation had been entered into between the parties authorizing the introduction of competent evidence by plaintiff at the trial, and such evidence was so introduced. The answer admitted the contents of the policy and admitted that the policy was issued. The policy was in evidence and it was for the court to determine whether the policy covered the accident

in question. Apparently both parties treated the issue as properly made, and under the circumstances, want of a reply is waived (*Ancateau v. Commercial Casualty Ins. Co.,* 318 Ill. App. 553, 558).

There is also a contention made to the effect that the stipulation provided that the parties may read in evidence Exhibit A attached to the stipulation, subject to objection to questions and answers, and that since such Exhibit A was not read in evidence there was no evidence to sustain plaintiff's case. On this basis there is a contention made that the evidence does not show affirmatively that the truck was not returned after the pickup truck had first been given to Landis and prior to the accident. As we have indicated in the statement of facts, it was apparently the theory of the parties that the stipulation and Exhibit A attached thereto and made a part thereof, were being offered as a joint exhibit, and that all the evidence referred to therein was being offered and received. The record therefore shows that the use of the automobile by Landis was originally with permission of Peters.

A contention is now made, likewise, that the garnishment suit was premature in view of the fact that time for appeal had not expired at the time suit was filed. No appeal was in fact prosecuted from the judgment in favor of Talley and as against Landis, and under the circumstances this action should not now be dismissed at this stage of the proceeding solely because it was originally filed prior to time for expiration of appeal by Talley.

There is also a contention made in this court that the policy coverage should be limited to $5,000 since section 58e of the Motor Vehicle Financial Responsibility Law provides that proof of financial responsibility shall mean proof of ability to respond in damages in the amount of $5,000. The provision

of the policy referred to as condition 6 is specifically to the effect that where the provisions of the Motor Vehicle Financial Responsibility Law of any State are to be read into the policy, such provisions are to be effective ''to the extent of the coverage and limitation of liability required by such law,'' but not in excess of the policy limits in amount. It is obvious that the word ''coverage'' in the quoted portion of condition 6 could only refer to coverage required by the Financial Responsibility Law. Such required coverage was in the sum of $5,000. This construction is reinforced by the further provision that, in no event would such coverage exceed the limits of liability stated in the policy. A judgment, therefore, would be justified under the circumstances, in the sum only of $5,000 and costs of suit.

The judgment of the circuit court of Alexander county is therefore reversed and judgment is entered here in favor of Carl Landis for the use of Melvin Talley, as against New Amsterdam Casualty Company, a corporation, in the sum of $5,000 and costs of suit.

*Reversed, and judgment entered here.*

BARDENS, J. and SCHEINEMAN, J., concur.