Donald McCann, a Minor, for Use of Kenneth Osterman, a Minor, Appellee, v. Continental Casualty Company, Appellant.

### Gen. No. 46,604.

First District, Second Division.
June 28, 1955.
Released for publication September 13, 1955.

Eckert, Peterson & Lowry, of Chicago, for appellant; A. R. Peterson, Owen Rall, Harold W. Huff, and Herbert C. Loth, Jr., all of Chicago, of counsel.

Joseph Barbera, of Chicago, for appellee; Charles D. Snewind, of Chicago, of counsel.

MR. PRESIDING JUSTICE McCORMICK delivered the opinion of the court.

An action in garnishment was instituted against the defendant, Continental Casualty Company, a corporation, based upon a judgment recovered by the plaintiff against one Donald McCann. The defendant by its policy insured one William J. Kenealy, who was the owner of a motor scooter. By a special endorsement to the policy, the coverage was limited to the named in-

sured and those relatives who were members of his household. One Donald McCann, not a relative and not a member of the household, while using the scooter with the permission of the minor son of Kenealy, injured Kenneth Osterman. Suit was brought by Osterman against Kenealy and McCann. The latter defaulted and a judgment was entered against him for $7,500. The suit in garnishment was tried before a jury. Evidence was heard and at the conclusion of the evidence the trial court directed a verdict against the garnishee and entered judgment on the verdict for $5,000, the limit of the coverage. From such judgment this appeal is taken.

The case was first appealed directly to the Supreme Court on the theory that a constitutional question was in issue. The Supreme Court, in McCann v. Continental Casualty Co., 4 Ill.2d 170, held that no question of constitutional construction was involved, and transferred the case to this court.

The defendant here contends that the trial court erroneously interpreted the statute and the policy of insurance, and that the evidence did not warrant a directed verdict.

Under the policy of insurance issued by the defendant to William J. Kenealy, the defendant agreed to pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury or as property damage caused by accidents arising out of the ownership, maintenance or use of a motor scooter owned by the insured. Attached to the policy was a rider, amending Article III, "Definition of Insured," and reading as follows:

"The unqualified word 'insured' wherever used in Coverages A and B and in other parts of this policy, when applicable to such coverages, includes the named insured and, except where specifically stated to the contrary, also includes any relative of and a resident of the household of the named insured while using the

529

vehicle described in the policy provided the actual use of the vehicle is with the permission of the named insured."

The motor scooter was bought for the use of John Kenealy, the minor son of the insured. There is evidence in the record that the insured told his son that it would be all right for his friends to drive the motor scooter if they were dependable. On June 23, 1949 John Kenealy gave Donald McCann permission to operate this scooter. While McCann was driving this scooter he injured Kenneth Osterman. There is no question that under the insurance provision of the amended policy, standing alone, there would have been no coverage under which the defendant insurance company could be held responsible.

The policy, however, contains certain provisions, among which is clause No. 8 as follows:

"Financial Responsibility Laws—Coverages A and B:

"Such insurance as is afforded by this policy for bodily injury liability or property damage liability shall comply with the provisions of the motor vehicle financial responsibility law of any state or province which shall be applicable with respect to any such liability arising out of the ownership, maintenance or use of the automobile during the policy period, to the extent of the coverage and limits of liability required by such law, but in no event in excess of the limits of liability stated in this policy. The insured agrees to reimburse the company for any payment made by the company which it would not have been obligated to make under the terms of this policy except for the agreement contained in this paragraph."

Clause 23 of the policy reads: "Terms of this policy which are in conflict with the statutes of the State wherein this policy is issued are hereby amended to conform to such statutes."

There was in full force and effect in Illinois a Financial Responsibility Law (Ill. Rev. Stat. 1947, chap. 95½, pars. 58(b) to 58(k) [Jones Ill. Stats. Ann. 85.064(2), 85.064(11)]). This statute provides that the Secretary of State shall suspend the operator's license and the registration certificate and license plates issued to the person named as judgment debtor, where such a judgment growing out of the operation of a motor vehicle is not satisfied within thirty days after its rendition, unless the party against whom the judgment is rendered shall satisfy the judgment and make proof of financial responsibility to respond in damages for any liability for bodily injuries, etc., thereafter incurred as a result of the ownership, maintenance, use and operation of the motor vehicle. It is further provided that proof of financial responsibility may be satisfied by a policy of insurance. Paragraph 58(k) further provides that a motor vehicle liability policy, as the term is used in the Act, "shall insure the person named therein and any other person using or responsible for the use of said motor vehicle or vehicles with the express or implied permission of said insured."

The plaintiff contends that the trial court properly incorporated paragraph 58(k) of the Financial Responsibility Act in the policy, in conformance with the provision of clause 8 of the policy.

At the beginning of this discussion it must be noted that there is no general statutory provision in Illinois making insurance compulsory in all cases. In the printed body of the policy, in paragraph III entitled "Definition of Insured," we find what is commonly known as an "omnibus" clause, which extends the insurance to any person using the automobile with permission of the insured. The rider heretofore referred to was substituted for such clause. A few states by statute require the inclusion of the "omnibus coverage" clause in every policy. Other states provide that an in-

531

surance policy used as proof in compliance with Financial Responsibility Laws must contain such a provision. The two types of statutes are quite different in purpose. The purpose of the first type is to protect the public against the negligent operation of an automobile by a person using such automobile with the permission and consent of the insured owner, but who would not otherwise be covered by the terms of the insurance policy. The primary purpose of the second type is to regulate the provisions of an insurance policy used, as proof of financial responsibility for the future, by the owner of a car who, by prior accident or otherwise, has fallen within the scope of the Financial Responsibility Statute. The fundamental basis for both types of statutes, as well as for other statutory enactments making insurance mandatory, is the protection of the general public as well as providing for assured compensation to persons injured through the negligent operation of automobiles on the public highways. It is a legislative expression of public policy. There is no statute in Illinois requiring an omnibus clause in every policy of insurance. As we have stated, there is in Illinois a Financial Responsibility Law requiring the inclusion of an omnibus clause in any insurance policy used as proof of financial responsibility under the Act.

The policy here under consideration was a standard insurance policy written to comply with the laws of all states in which the company might be doing business. In order to bring a person within the scope of the Financial Responsibility Act so that he would be required to prove his financial responsibility in order to continue to operate a motor vehicle in this state, it is necessary that there be an unsatisfied judgment against him. A permitted method of proof of financial responsibility was that he show that he was covered by a policy of insurance, which policy, among other things, must contain the provision set out in paragraph

58(k) of the Act. The Financial Responsibility Act specifically limits the provisions of paragraph 58(k) to liability policies issued under the provisions of the Act. Clause 8 of the policy specifically provides that the insurance afforded by the policy shall comply with the provisions of the motor vehicle responsibility law of any state which shall be applicable. The provisions of the Financial Responsibility Act of Illinois are not applicable unless the insured has by his previous conduct brought himself within its purview. There was no evidence in the record that the insured had had a previous accident or that there was any unsatisfied judgment growing out of an accident against him, nor is there any contention that in any way by his previous conduct the insured came within the scope of the Act. Only if his prior conduct had been such that he was required to make proof of financial responsibility under the Act would the provisions contained in paragraph 58(k) have been of necessity, under clause 8 of the policy, incorporated therein.

 Contracts of insurance must be construed, as any other contract, according to the sense and meaning of the terms which the parties have used. If the provisions limiting liability are ambiguous or equivocal, then they should be construed most strongly against the insurer. Moscov v. Mutual Life Ins. Co. of New York, 387 Ill. 378. This canon of construction, however, does not authorize a distortion of language or the exercise of inventive powers for the creation of an ambiguity where none exists. Crosse v. Supreme Lodge Knights and Ladies of Honor, 254 Ill. 80. The parties to an insurance contract have the right to incorporate in it such provisions, not in violation of the law, as they might elect, and the courts must construe and enforce the contract as made. The court has no right to make a new contract for the parties. Here there was no ambiguity in the contract. The limitations of coverage incorporated in the rider were valid

533

and binding, and were not in conflict with clause 8 of the insurance policy.

■ We are aware of the case of Landis for Use of Talley v. New Amsterdam Casualty Co., 347 Ill. App. 560, which was a garnishment suit brought against an insurance company based upon an automobile garage liability policy issued to one Peters, a garage operator, who had filed with the Secretary of State a certificate issued by the insurance carrier certifying that the policy complied with section 16 of the Illinois Truck Act (Ill. Rev. Stat. chap. 95½, par. 253 [Jones Ill. Stats. Ann. 112.143]). That Act made it compulsory for Peters, who operated a truck, to take out the insurance evidenced by that policy. There is no comparable situation in the case before us. In the policy issued to Peters there was no omnibus clause, but it contained a provision that the policy must comply with the Financial Responsibility Laws of any state which should be applicable with respect to any liability arising out of the use of the automobile of the insured. Under the provisions of the policy, standing alone and without incorporating the terms of the Financial Responsibility Act, Peters was the only named insured. The plaintiff in that case was injured by a truck driven by an employee of Peters who had departed from the instructions given him by Peters concerning the use of the truck, and was then driving the truck for a purpose of his own. The court there held that under the clause of the policy concerning the compliance with the Financial Responsibility Law, the provisions of that law, including the omnibus clause contained in paragraph 58(k) of the Act, must be included therein, and that thereby the insurance coverage was extended to the driver of the truck at the time of the accident. We are also aware that in that case a petition for leave to appeal to the Supreme Court was denied. However, the fact that the Supreme Court denies leave to appeal

from a decision of the Appellate Court is merely an approval of the decision and is not necessarily an approval of the reasons therefor expressed in the opinion. Bartosik v. Chicago R. & I. R. Co., 266 Ill. App. 28; Marks v. Pope, 289 Ill. App. 558; Kelly v. Retirement Board, Firemen's Annuity & Benefit Fund of Chicago, 292 Ill. App. 390. In the Landis case the policy was issued under and by virtue of the provisions of section 16 of the Illinois Truck Act, and was a compulsory or required policy. In Illinois Casualty Co. v. Krol, 324 Ill. App. 478, it was held that under insurance made mandatory by the provisions of such a statute, which was enacted for the protection of the general public in the use of the highways, the insurance carrier is not relieved from liability to parties injured in their person or property by reason of the insured's unlawful operation of a truck because of the existence of defenses such as noncoverage, and so forth, which might be valid as between the insured and the insurance carrier. This decision and opinion are amply supported by authority. Under the rule there laid down the decision in the Landis case could be properly sustained without reliance upon the reasons set forth in the opinion.

We do not agree with, nor will we follow, the reasoning used as the basis for the decision in the Landis opinion, that a policy provision, similar to the one in the instant case, requiring compliance with the Financial Responsibility Law of any state which should be applicable, would, by itself, require the inclusion in the policy of the omnibus clause contained in paragraph 58(k) of that Act without a showing of the applicability of the Financial Responsibility Law. The conclusion which we have reached is sustained, not only by reason, but by overwhelming authority. Farm Bureau Mut. Automobile Ins. Co. v. Georgiana, 14 N. J. Super. 459, 82 A.2d 217; Ocean Accident &

Guarantee Corp. v. Peerless Cleaning & Dyeing Works, 10 N. J. Misc. 1185, 162 Atl. 894; Rasinski v. Metropolitan Casualty Ins. Co. of New York, 117 N. J. Law 490, 189 Atl. 373; Hill v. Standard Mut. Casualty Co., 110 F.2d 1001 (7th Cir.); State Farm Mut. Automobile Ins. Co. v. Arghyris, 189 Va. 913, 55 S.E.2d 16; Farm Bureau Mut. Automobile Ins. Co. v. Hammer, 177 F.2d 793 (4th Cir.); Sutton v. Hawkeye Casualty Co., 138 F.2d 781 (6th Cir.); Cohen v. Metropolitan Casualty Ins. Co. of New York, 233 App. Div. 340, 252 N. Y. Supp. 841; State Compensation Ins. Fund v. Bankers Indemnity Ins. Co., 106 F.2d 368 (9th Cir.); American Mut. Liability Ins. Co. v. Ocean Accident Guarantee Corp., 87 N. H. 374, 180 Atl. 249; Anderson v. American Automobile Ins. Co., 50 R. I. 502, 149 Atl. 797; Travelers Ins. Co. v. Boyd, 312 Ky. 344, 228 S.W.2d 421.

The plaintiff in support of his position has cited Behaney v. Travelers Ins. Co., 121 F.2d 838 (3rd Cir.); Farm Bureau Automobile Ins. Co. v. Martin, 97 N. H. 196, 84 A.2d 823; and Hartford Accident & Indemnity Co. v. Wolbarst, 95 N. H. 40, 57 A.2d 151. The policy dealt with in Farm Bureau Automobile Ins. Co. v. Martin was a policy issued and required under the Financial Responsibility Act of the state. In the Behaney case and the Hartford Indemnity Co. case it does not clearly appear from the opinions whether the insurance policies therein litigated were policies required under the Financial Responsibility Act. However, a careful reading of the opinions and the authorities therein cited would indicate that the insurance policies were so issued. The opinions in none of these cases discuss the points now before us.

The judgment of the circuit court is reversed.

Judgment reversed.

ROBSON and SCHWARTZ, JJ., concur.