Thomas GRAY, d/b/a Gray Motor Company, for the Use of Shelby RUSSELL, Albert Ray Rich, a minor by Susie Rich, his mother and next friend, and Edward Thomas Rich, a minor by Susie Rich, his mother and next friend, Plaintiffs,

v.

MARYLAND CASUALTY COMPANY, a Corporation, Defendant.

Civ. No. 3368.

United States District Court
E. D. Illinois.

June 17, 1957.

Leonard J. Dunn, West Frankfort, Ill., for plaintiff.

August L. Fowler, Marion, Ill., for defendant.

JUERGENS, District Judge.

On October 25, 1954, the plaintiffs recovered a judgment against Furman Riddle in the Circuit Court of Franklin County, Illinois, for personal injuries sustained by them on April 16, 1949, in an automobile accident while they were riding in a Plymouth automobile belonging to the Gray Motor Company and being driven by Furman Riddle. At the time of the accident Thomas Gray, an individual, d/b/a Gray Motor Company, was the named insured under a Garage Liability Policy issued by the defendant, Maryland Casualty Company. The policy was issued November 3, 1948, to Thomas Gray, and, although the original policy was not produced, the defendant stated the policy limits and also that it was a Garage Liability Policy and that the photographic copy in evidence is basically the same type policy as the insured had at the time. By this suit the plaintiffs seek to make that policy, within its limits, applicable to the payment of their respec-

tive judgments. Both the plaintiffs and the defendant in their respective statements, briefs, and arguments admit that the policy did not have an omnibus clause. An omnibus clause in an insurance policy is usually found under the division thereof defining the term "insured." That division of the insurance policy in question reads as follows:

"III Definition of 'Insured'

"The unqualified word 'insured' wherever used includes not only the named insured but also any partner thereof, if the named insured is a partnership, or any executive officer thereof, if the named insured is a corporation, provided such partner or officer is active in the declared operations. The provisions of this paragraph do not apply:

"(a) to any partner of the named insured with respect to bodily injury to or death of any partner thereof;

"(b) to any executive officer of the named insured with respect to any action brought against such officer because of bodily injury to or death of another employee of the named insured injured in the course of such employment.

"(c) to any executive officer with respect to any automobile owned by such officer or by any other executive officer of the named insured or by a member of the family of any such person."

Under the provision entitled "Insuring Agreements" it is provided as follows:

"I Coverage A—Bodily Injury Liability

"To pay on behalf of the *insured* all sums which the *insured* shall become obligated to pay by reason of the liability imposed upon him by law for damages, including damages for care and loss of services, because of bodily injury, including death at any time resulting therefrom, sustained by any person or persons, caused by accident and arising out of such of the operations hereinafter defined as are indicated by specific premium charge or charges in item 3 of the declarations." (Emphasis supplied.)

Under the heading of "Definition of Operations", as defined in the policy, the ones applicable to this case are set out in Division 1 entitled "Automobile Dealer or Repair Shop," and reading as follows:

"The ownership, maintenance, occupation or use of the premises herein designated, including the public ways immediately adjoining, for the purpose of an automobile dealer or repair shop, and all operations either on the premises or elsewhere which are necessary and incidental thereto, including repairs of automobiles or their parts, and ordinary repairs of buildings on the premises and the mechanical equipment thereof, and the ownership, maintenance or use of any automobile for any purpose in connection with the above defined operations, and also for pleasure use."

Under the heading "Conditions", as set forth in the policy, Section numbered 6 entitled "Financial Responsibility Laws" provides:

"Such insurance as is afforded by this policy for bodily injury liability or property damage liability with respect to any automobile owned by the named insured shall comply with the provisions of the motor vehicle financial responsibility law of any state or province which shall be applicable with respect to any such liability arising out of the ownership, maintenance or use of the automobile during the policy period, to the extent of the coverage and limits of liability *required by such law*, but in no event in excess of the limits of liability stated in this policy. The insured agrees to reimburse the company for any payment made by the company which it would not have been obligated to make under the terms of this policy

except for the agreement contained in this paragraph." (Emphasis supplied.)

Section numbered 17 entitled "Terms of the Policy Conformed to Statute" provides:

"Terms of this policy which are in conflict with the statutes of the State wherein this policy is issued are hereby amended to conform to such statutes."

Whether or not this policy covered the driving of the automobile by Furman Riddle at the time of the accident in which plaintiffs were injured depends upon the answer to the following two questions, namely, (1) May an omnibus clause be written into the policy extending coverage to persons driving with the permission of the named insured? If so, then (2) Was Furman Riddle at the time of the accident driving with the permission of the named insured?

The jurisdiction of this court is founded upon the diversity of citizenship provision of Section 1332 of Title 28, U.S.C.

There being no federal statute involved and this case being before this court by virtue of diversity of citizenship, the substantive laws of the State of Illinois must control. In considering the decisions of the State of Illinois dealing with the financial responsibility law, S.H.A.Ill. ch. 95½, § 58b et seq., as the same pertains to the reading of any omnibus clause into an insurance policy, the history goes something like this:

August 7, 1952: Appellate Court, Fourth District: Landis, for Use of Talley v. New Amsterdam Casualty Co., 347 Ill.App. 560, 107 N.E. 2d 187: Reference to financial responsibility law incorporates the omnibus clause.

September 13, 1955: Appellate Court, First District: McCann for Use of Osterman v. Continental Casualty Co., 6 Ill.App.2d 527, 128 N.E.2d 624: Reference to financial responsibility law does not incorporate the omnibus clause. Distinguishes and refuses to follow reasoning of Landis case and cites numerous cases from other jurisdictions.

May 22, 1956: Supreme Court: McCann, for Use of Osterman v. Continental Casualty Co., 8 Ill.2d 476, 134 N.E.2d 302: Affirms the decision of the Appellate Court for the First District: the omnibus clause is not incorporated.

November 20, 1956: Appellate Court, Second District, Konrad v. Hartford Accident and Indemnity Co., 11 Ill.App.2d 503, 137 N.E.2d 855. Reference to financial responsibility law. Incorporates the omnibus clause.

In reading the above cases, it will be noted that in the Landis and Konrad cases, trucks were involved, and if they were not the controlling factors upon which the cases were decided, Section 16 of the Illinois Truck Act, S.H.A. Ill. ch. 95½, § 253, was an important and controlling factor in the decision of those cases. The McCann case was a motor scooter case in which the Appellate Court for the First District refused to read the omnibus clause into the policy and it was sustained by the Supreme Court. The Appellate Court with the approval of the Supreme Court in the McCann case said [6 Ill.App.2d 527, 128 N.E.2d 626], "There is no statute in Illinois requiring an omnibus clause in every policy of insurance. As we have stated, there is in Illinois a Financial Responsibility Law requiring the inclusion of an omnibus clause in any insurance policy used as proof of financial responsibility under the Act. * * * The provisions of the Financial Responsibility Act of Illinois are not applicable unless the insured has by his previous conduct brought himself within its purview."

There is no evidence in this record that the insured had had any previous accident or that there was any unsatisfied judgment growing out of an acci-

dent against him nor is there any contention that in any way by his previous conduct the insured brought himself or came within the scope of the act. Only if the insured's prior conduct had been such that he was required to make proof of financial responsibility under the act would the provisions contained in Paragraph 58k have been of necessity, under Clause 6 of the policy, incorporated therein. Section 58e of the act in force at the time of the accident provided that proof of financial responsibility shall mean proof of ability to respond in damages for any liability thereafter incurred resulting from the ownership, maintenance, use, or operation of a motor vehicle, for bodily injury to or death of any person and that "such proof in said amounts shall be furnished for each motor vehicle registered by every person required to furnish such proof" and that "proof of financial responsibility *when required* under this Act, *may be given* by the following alternate methods:" (Emphasis supplied.) If the Legislature intended that the omnibus clause should be read into each insurance policy covering a motor vehicle, why would the words "when required" and "may be given" be used in the statute so as to give to the owners a choice as to their conduct.

The maxim that a policy of insurance should be most strongly construed against the insurer does not mean that the courts should lean over backwards to hold against the insurer where the sensible interpretation of the law would dictate otherwise and courts are not authorized to rewrite contracts of insurance for the parties where the law does not demand or require such rewriting. As stated by the Appellate Court and affirmed by the Supreme Court in the McCann case that if and when an insurance policy is used under the financial responsibility act of the State of Illinois which requires that the insurance carrier certify to the insurance department that they are underwriting the liability of the insured, then the courts will write in the omnibus clause in that particular policy, if the policy does not contain such an omnibus clause, for the reason that the law requires such writing in of the omnibus clause when the insurance policy is used to prove financial responsibility.

In consideration of all the applicable law and the holdings in the cases above cited, it is the opinion of this court that the omnibus clause cannot be written into this contract of insurance and that since the contract of insurance does not contain an omnibus clause that the defendant is not liable under its policy to the plaintiffs.

The question relating to the omnibus clause having been answered in the negative, the second question involved in this case, namely, was Furman Riddle at the time of the accident driving with the permission of the named insured becomes unimportant and is not necessary for this court to determine.

The parties will settle the order and submit same to the court for approval. It is so ordered.