ISZCZUKIEWICZ et, Plaintiffs, v. UNIVERSAL UNDERWRITERS INSURANCE COMPANY, Defendant.

United States District Court, N. D. Ohio, E. D.

Civ. No. 33529.   Decided February 24, 1960.

*Messrs. Sindell, Sindell, Bourne & Disbro, Mr. Frank Motil,*
and *Mr. James J. Standard,* for plaintiffs.
*Mr. Rees H. Davis, Jr.,* for defendant.

Jones, D. J.   This action for a declaratory judgment is
submitted for decision by the court upon a stipulated state-
ment of facts and upon briefs of the parties.

On February 1, 1956, Arvo E. Johnson stopped at the used
car lot of the Leo Grabski Company on Broadway Avenue in
the City of Cleveland, and, at the suggestion of an employee of
the company, took for a test ride a certain Pontiac automobile
which he had expressed a desire to purchase.   During the test

ride, he came into collision with an automobile owned and operated by Ludwik Iszczukiewicz, who suffered injuries to his person and property as a result of the collision. A claim has been made that Johnson is legally responsible for these injuries.

After this accident both Johnson and the Leo Grabski Company filed accident reports on Form SR-1 with the registrar of motor vehicles of the State of Ohio in which it was stated that the Leo Grabski Company is the named insured in Universal Underwriters Insurance Company Revised Standard Garage Liability Policy No. GL 20196. Form SR-21 was forwarded by the registrar to the carrier, who returned it to the registrar with a notation that although the policy named was in effect, it did not provide coverage for the operator named. An examination of the policy reveals that Policy Endorsement GL-LAI amends the policy definition of "insured" and states:

"This definition does not include:

"(c) any person or organization with respect to any automobile loaned by or borrowed from the named insured except while such automobile is operated by the named insured or any partner, employee, director, stockholder or family member,"
* * *.

Thus the question sought to be resolved in this action is whether the above named policy provides coverage where the operator of a vehicle owned by the insured is not an employee of the insured, notwithstanding the restrictive endorsement, and solely by virtue of Condition 7 in the policy, which provides:

"Such insurance as is afforded by this policy for bodily injury liability or property damage liability with respect to any automobile owned by the named insured shall comply with the provisions of the motor vehicle financial responsibility law of any state * * * with respect to any such liability arising out of the ownership, maintenance or use of the automobile * * * The insured agrees to reimburse the company for any payment made by the company which it would not have been obligated to make under the terms of this policy except for the agreement contained in this paragraph."

The operation and effect of the Ohio Motor Vehicle Financial Responsibility Act, Section 4509.01 et seq., Revised Code, is the core of this suit. This Act is intended to provide sanc-

tions which would encourage owners and operators of motor vehicles on Ohio highways to obtain liability insurance sufficient in amount to protect others who might be injured through the negligent operation of a motor vehicle. The prior statute, Section 6298-1 et seq., General Code (Section 4509.01, Revised Code), provided for revocation of an operator's permit only if a judgment for damages resulting from the negligent operation of a motor vehicle were not satisfied. The revocation under the old statute was for a maximum of five years and revocation could be avoided if proof were furnished that the judgment debtor was financially responsible for subsequent automobile negligence judgments.

The present statute provides a procedure by which both operator's permit and automobile registration may be revoked if the operator or owner cannot provide security for such a judgment immediately after the accident. Sections 4509.19, 4509.12, Revised Code. If a driver's license and/or registration has been revoked pursuant to the Act, neither may be reinstated unless any judgment for a prior accident has been satisfied and proof of financial responsibility for future accidents is given and thereafter maintained. Sections 4509.34, 4509.26, Revised Code.

After an accident involving personal injury or more than $100 property damage, all operators (or owners) must file an accident report (Form SR-1) with the Registrar of Motor Vehicles (Section 4509.06, Revised Code). The registrar then determines the necessary amount of security deposit (Section 4509.12, Revised Code), and notifies the operator (or owner) (Section 4509.13, Revised Code), that if the required deposit is not made, an order of suspension will be made as provided in Section 4509.17, Revised Code. But the provisions of Sections 4509.12 and 4509.17, Revised Code, do not apply:

"Section 4509.19(A), Revised Code * * *

"(5) To the driver or owner if the owner had in effect at the time of the accident an automobile liability policy or bond with respect to the motor vehicle in the accident, except that a driver shall not be exempt under this division of this section if at the time of the accident the motor vehicle was being operated without the owner's permission, express or implied; * * *."

If the above quoted excerpt from Section 4509.19, Revised Code, is read literally and applied to this fact situation, it appears that "the owner had in effect at the time of the accident an automobile liability policy * * * with respect to the motor vehicle in the accident," and that the motor vehicle was being operated with the express permission of the owner. Therefore, by the literal terms of the statute, both Johnson and the Leo Grabski Company are exempt from the security deposit requirement of Section 4509.12, Revised Code, and yet the insurance policy which provides exemption does not cover this particular accident. The result is clearly contrary to the purpose of the Act, but the fact that the registrar took no action against either the owner or the operator indicates that the registrar so interprets the Act.

In my view, it was the intent of the Legislature that the definition of "owner's policy of liability insurance" appearing in Section 4509.51, Revised Code, should be applied to the term "automobile liability insurance" as found in Section 4509.19(A) (5) [similarly, the term "operator's policy of liability insurance" in Section 4509.52, Revised Code, should be read for the term "automobile liability insurance" in Section 4509.19(A) (6)]. Section 4509.51, Revised Code, in pertinent part provides:

Section 4509.51, Revised Code. Requirements for owner's liability insurance.

"Every owner's policy of liability insurance: * * * (B) Shall insure the person named therein and any other person, as insured, using any such motor vehicles with the express or implied permission of the insured * * *."

This substitution in my opinion carries out the intent of the Legislature with regard to the situation presented here, for Arvo Johnson would not be exempt if no "owner's policy" could be supplied. Nor would the owner be exempt from the security deposit requirement under this interpretation, with the policy here in question.

Since the definition of "insured" in this policy fails to meet the requirements for an "owner's policy," the policy fails to comply with the financial responsibility law of Ohio and Condition 7, *supra*, must be applied to supply the additional coverage required for compliance with the Act.

It follows that in order for an insurer to limit coverage

of what would ordinarily be an "owner's policy" as attempted here, it would be necessary not only to amend the definition of "insured" but to eliminate Condition 7 as well. However, such a policy could not provide exemption under Section 4509.19, Revised Code, as interpreted herein, nor could it be certified under Section 4509.46, Revised Code, to provide "proof of financial responsibility" (Section 4509.45, Revised Code), as a "motor-vehicle liability policy" [Sections 4509.01(L), 4509.49, Revised Code]. To support the above interpretation, it should be pointed out that any policy of automobile insurance against liability [note that this phraseology differs from that in Section 4509.19(A) (5)] may be certified as proof of financial responsibility if it contains an agreement or is endorsed to conform with the Act. Since a policy must be an "owner's policy" or an "operator's policy" to be so certified [Section 4509.01 (L)], a provision equivalent to Condition 7 would satisfy the requirements of Section 4509.19, Revised Code, as interpreted herein. Further, "any motor-vehicle liability policy" may provide that the insured shall reimburse the insurance carrier for any payment the insurance carrier would not have been obligated to make under the terms of the policy except for the financial responsibility law [Section 4509.55(B), Revised Code].

Plaintiffs cite several cases from other jurisdictions which tend to support their position and the above interpretation. See *Farmers Ins. Exchange* v. *Ledesma*, 10 Cir., 1954, 214 F. (2d), 495; *Milwaukee Insurance Co.* v. *Morril*, 1956, 100 N. H. 239, 123 A(2d), 163; *Landis, for Use of Talley* v. *New Amsterdam Casualty Co.*, 1956, 347 Ill. App., 560, 107 N. E. (2d), 187; *Bonfils* v. *Pacific Automobile Ins. Co.*, 1958, 165 Cal. App. (2d), 152, 331 P. (2d), 766; *United States Casualty Co.* v. *Timmerman*, 1935, 118 N. J. Eq. 563, 180 A., 629; *Continental Casualty Co.* v. *Phoenix Construction Co.*, 1956, 46 Cal. (2d), 423, 296 P. (2d), 801, 57 A. L. R. (2d), 914. These cases are persuasive, but of course are not binding. On the other hand, the parties agree that this is a case of first impression in Ohio, so that there is no direct Ohio authority touching on the problem presented here. But I feel that this interpretation is in accord with the policy expressed in Section 1.11, Revised Code, which provides:

"Remedial laws and all proceedings under them shall be liberally construed in order to promote their object and assist the parties in obtaining justice. * * *"

It is therefore my considered judgment that it is necessary to provide an "owner's policy of liability insurance" to comply with the provisions of the Ohio Motor Vehicle Financial Responsibility Act with respect to exemption of the owner or operator from the security deposit requirement of Section 4509.12, Revised Code; that if an insurance policy is endorsed to comply with such Act reasonable provisions may be read into the policy so that it will provide such compliance; that a provision for insurance coverage of any person using, as a part of a sales demonstration and with the express or implied permission of the insured, a motor vehicle owned by an outomobile dealer for resale is a reasonable provision to be read into this policy under Condition 7 of the policy; and that the operator of the motor vehicle here involved, Arvo Johnson, was using the vehicle with the express permission of the named insured. I therefore conclude that Universal Underwriters Insurance Company is liable for the acts of Arvo Johnson, as described herein, as if he were the insured under Policy No. GL 201.96 of that Company.

Accordingly, judgment may be entered for the plaintiffs on their complaint. This memorandum is considered compliance with Rule 52(a) Fed. Rules Civ. Prov. 28 U. S. C. A.

On Motion for Amendment of Findings and Judgment
and for a New Trial

Defendant moves the court for an amendment of the order in this case limiting the liability of the defendant on the policy in question to the minimum coverage required by the Ohio Motor Vehicle Financial Responsbility Act. Sections 4509.01 through 4509.78, Revised Code, which at the time of this accident was $5,000 for property damage and $5,000 for injury to one person. Defendant argues that since liability is imposed solely by reason of the operation of the Act (affecting the policy through condition 7 of the policy), the policy limits should be held to correspond to the requirements of the statute, citing *Behaney* v. *Travelers Ins. Co.*, 3 Cir., 1941, 121 F. (2d), 838; *Farm Bureau Automobile Ins. Co.* v. *Martin*, 1951, 97 N. H., 196, 84 A. (2d), 823, 29 A. L. R. (2d), 811; *Landis, for Use of*

*Talley* v. *New Amsterdam Casualty Co.,* 1952, 347 Ill. App., 560, 107 N. E. (2d), 187; *Shapiro* v. *Republic Indemnity Co.,* Cal. App., 1959, 334 P. (2d), 594.

On the basis of the cases cited and reasonable consideration of the point, the defendant probably is correct in its contention and an amended order may be drawn showing a limitation on the potential liability of the defendant of $5,000 property damage, $5,000 each person, $10,000 each accident, in accordance with the minimum requirements stated in the Ohio Motor Vehicle Financial Responsibility Act.

Defendant further contends that the statement at page 3 of the memorandum [182 F. Supp., 735] that "all operators (or owners) must file an accident report" is erroneous. The statement, while not spelling out the requirements in detail, is correct, for if the operator, who has the duty to file the report, is unable to do so, the owner of the vehicle may file.

The phrase "motor vehicle liability policy," which defendant now contends should be substituted for "automobile liability policy" in Section 4509.19, Revised Code, appears in the Act in Sections 4509.45 and 4509.46, Revised Code, as a means of showing "proof of financial responsibility." Such proof is required for reinstatement of an operator's license or automobile registration. Under no circumstance is a certified policy (a motor-vehicle liability policy) required to avoid the security deposit requirement of Section 4509.12, Revised Code, although of course such a policy would be sufficient for that purpose. The point is that the statute in its present form does not carry out the purpose intended by the legislature but that such purpose would be fully carried out by the substitution of "owner's policy" and "operator's policy" in Section 4509.19, Revised Code, as suggested in the memorandum. The substitution of the phrase "motor vehicle liability policy" would completely change the statute and would result in the Bureau of Motor Vehicles policing all the automobile insurance policies in the state, for a certified policy cannot be altered in any way without notice to the bureau.

Accordingly, the motion for amendment of the findings and judgment is granted as to the limitation of liability on the policy and the motion for a new trial is denied.