Ludwik ISZCZUKIEWICZ, and Arvo E. Johnson, Plaintiffs-Appellees,

v.

UNIVERSAL UNDERWRITERS INSURANCE COMPANY, Defendant-Appellant.

No. 14302.

United States Court of Appeals Sixth Circuit.

June 7, 1961.

Rees H. Davis, Jr., Cleveland, Ohio, Davis & Young, Cleveland, Ohio, on brief, for appellant.

James J. Stanard, Cleveland, Ohio, Sindell, Sindell, Bourne, Disbro & Markus, Aaron Jacobson, Cleveland, Ohio, on brief, for appellees.

Before McALLISTER, Chief Judge, CECIL, Circuit Judge, and BOYD, District Judge.

McALLISTER, Circuit Judge.

The above cause coming on to be heard upon the record, the briefs of the parties, and the argument of counsel in open court and the court being duly advised.

Now, therefore, it is ordered, adjudged and decreed that the judgment of the District Court be and is hereby affirmed upon the opinion of Judge Jones reported in 182 F.Supp. 733.

CECIL, Circuit Judge (dissenting).

I would reverse the judgment of the District Court. The facts are fully stated in the opinion of the trial judge, reported at 182 F.Supp. 733. It is conceded that the policy of liability insurance issued by the defendant-appellant to Leo Grabski Company, an automobile dealer, specifically excluded coverage to Arvo E. Johnson who had an accident while driving an automobile owned by the insured. Johnson was driving the car as a prospective purchaser and not as an agent of the owner.

The trial judge read into the contract between the parties coverage by virtue of condition seven of the policy. This provision was a standard form written into this policy and many policies to comply with the Ohio Financial Responsibility Law (4509.01-4509.99, O. R. C.) under circumstances where the owner was required to comply by reason of prior liability. No such situation existed here.

The trial judge said: "* * * that if an insurance policy is endorsed to comply with such act, reasonable provisions may be read into the policy so that it will provide such compliance; that a provision for insurance coverage of any person using, as a part of a sales demonstration and with the express or implied permission of the insured, a motor vehicle owned by an automobile dealer for resale is a reasonable provision to be read into this policy under Condition 7 of the policy; * * *."

Thus by judicial decree the contract between the parties was changed and the liability of the insurance company enlarged. The Financial Responsibility Act of Ohio does not require coverage under the circumstances of this case. The policy in question was not issued and certified as proof of financial responsibility under the Act. Sec. 4509.46, O. R. C.

In brief, my position as to the Ohio Act is well stated in State Farm Mutual Automobile Insurance Company v. Cooper, 4 Cir., 233 F.2d 500, 501, (South Carolina Code of 1952): "The Act does provide, under certain conditions, for proof of financial responsibility in the future and one method of giving such proof under § 46-750.4 (Ohio Act, sec. 4509.45, O. R. C.) and § 46-750.5 (Ohio Act, Sec. 4509.46, O. R. C.) is to furnish to the State Highway Department a certificate of an insurance carrier that there is in effect a motor vehicle liability policy for the benefit of the owner of the car. The required provisions for such a policy, which impose broad liability upon the insurance carrier, are set out in § 46-750.26 (Ohio Act, Sec. 4509.53, O. R. C.); but this section relates only to policies certified under the Act and does not ap-

ply to voluntary policies taken out prior to the occurrence of an accident." See also Farm Bureau Mutual Automobile Insurance Co. v. Hammer, 4 Cir., 177 F. 2d 793; Gray v. Maryland Casualty Company, D.C.Ill., 152 F.Supp. 520; Hoosier Cas. Co. of Indianapolis, Inc. v. Fox, D.C.Iowa, 102 F.Supp. 214.