O’Neill, J.
Aron was given permission to test drive a 1958 Mercury automobile by an employee of the owner, Harold T. Hunter, doing business as Hunter Motor Company, an automobile dealer in Sandusky, Ohio. "While operating this automobile, Aron collided with a bicycle, which was operated by Dwight Moyer, age 8, son of the plaintiff. Dwight Moyer died as a result of the collision.
Plaintiff brought action against Aron for the wrongful death of her son and received a judgment in the amount of $15,000.
Aron had a policy of automobile insurance issued to him by the Travelers Insurance Company. The 1958 Mercury, which he was operating at the time of the collision, was covered under a policy of insurance issued to Hunter by the appellant.
Travelers Insurance Company provided the defense for Aron in the wrongful death action, and subsequently the sum of $10,000 was credited on the plaintiff’s $15,000 judgment, $10,000 being the limit of Aron’s policy.
Plaintiff’s action on the supplemental petition is grounded upon the contention that Aron was an insured under appellant’s policy issued to Hunter.
A second contention is made by the plaintiff that Aron was an insured under the appellant’s policy according to the requirements of Section 4509.51, Revised Code. The Court of Appeals found in favor of the plaintiff on both these contentions.
Appellant asserts error by the Court of Appeals in both findings.
An examination of the provisions of Section 4509.51, Revised Code, causes the majority of this court to conclude that it has no application to the facts in this case and does not require a finding that Aron was an “insured” under the appellant’s policy.
Section 4509.01, Revised Code, defines a motor-vehicle liability policy as an “ ‘owner’s policy’ or an ‘operator’s policy’ *492 of liability insurance, certified as provided in Section 4509.46 * * * as proof of financial responsibility * * * to or for tbe benefit of tbe person named therein as an insured.”
Section 4509.46, Revised Code, provides that proof of tbe financial responsibility of tbe insured may be established by tbe certification of bis insurance policy.
Section 4509.51, Revised Code, states:
“Every owner’s policy of liability insurance:
i ( # * #
“(B) Shall insure tbe person named therein and any other person, as insured, using any such motor vehicles with the express or implied permission of the insured, against loss from tbe liability imposed by law for damages arising out of tbe ownership, maintenance, or use of such vehicles * * (Emphasis added.)
An insurance policy such as tbe one issued by tbe appellant can be modified to make it comply with tbe Financial Responsibility Act only where tbe policy has been “certified” as proof of future financial responsibility.
This is so because clause eight in tbe appellant’s insurance contract reads as follows:
“8. Financial Responsibility Laws — Coverages A and B: When this policy is certfiied as proof of financial responsibility for the future under the provisions of the motor vehicle financial responsibility law of any state [Section 4509.46, Revised Code] # # * such insurance as is afforded by this policy * * * shall comply with tbe provisions of such law [Section 4509.51, Revised Code] * * *”
Tbe majority of this court is of tbe opinion that tbe reservation by tbe appellant, as set forth in condition eight of its insurance contract, which states that tbe policy shall comply with tbe provisions of tbe Financial Responsibility Act only when tbe policy is “certified,” excludes tbe application of Section 4509.51, supra, to tbe policy in question. Not until tbe policy is “certified” under Section 4509.46, supra, would it result in tbe modification of tbe policy to comply with tbe act, which, through tbe application of Section 4509.51, supra, would then result in insurance coverage for all permissive users, even though tbe user does not fall under tbe definition of an “insured” in tbe policy.
*493 There is no provision in the Financial Eesponsibility Act requiring a person to purchase an “owner’s policy” of insurance except under certain circumstances set forth in the act (see Section 4509.31, Eevised Code) which are not present in this case. The policy issued by the appellant is not such an “owner’s policy,” and there is no showing in the record that the policy was ever “certified” to make it comply with the Financial Eesponsibility Act. Until such certification, the policy remains as issued, and all terms, conditions, and definitions, including the definition of who is an “insured,” remain unchanged.
Further, this court disapproves of the holding in the case of Isscsukiewics v. Universal Underwriters Ins. Co. (D. C. Ohio), 182 F. Supp., 733, cited in appellant’s brief, to the extent that the holding imposed liability on the insurer with respect to an accident by applying the Financial Responsibility Act rather than the terms of the coverage stated in the policy.
The remaining question to be determined is: Was Aron an “insured” under the provisions of the policy issued by the appellant to Hunter, covering the 1958 Mercury being driven by Aron at the time of the collision?
The answer to this question is found in the provisions of the “endorsement amending the definition of insured,” which was attached to the policy and which replaced paragraph HI, definition of “insured,” in the original policy.
The endorsement makes it plain that to be an insured under this policy, one must have been (1) a “partner, employee, director or stockholder thereof * * * person or organization having a financial interest in the business of the named insured,” (2) a “member of the household of the named insured or such partner or employee or director or stockholder,” (3) “any other person or organization legally responsible for the use thereof only while such automobile is operated by the named insured * * * partner or employee or director or stockholder or member of the household of the named insured or partner or employee or director or stockholder.”
Aron was not any one of the persons named above as an insured and, therefore, was not an insured under the provisions of the policy issued by appellant.
Although the provisions in this endorsement are compli *494 cated and involved, they are not, when analyzed, ambiguous. The Court of Appeals was in error in finding that the provisions of the endorsement are ambiguous and in error in finding that the provisions of Section 4509.51, Revised Code, extended coverage under this policy to Aron.
The judgment of the Court of Appeals is, therefore, reversed.

Judgment reversed.

Taft, C. J., Zimmerman, Matthias, Griffith, Herbert and Gibson, JJ., concur.