KERNS, Appellee,

v.

OHIO DEPARTMENT OF HIGHWAY SAFETY, BUREAU
OF MOTOR VEHICLES, Appellant.

[Cite as *Kerns v. Ohio Dept. of Highway Safety* (1990), 68 Ohio App.3d 170.]

Court of Appeals of Ohio,
Scioto County.

No. 1830.

Decided June 19, 1990.

*John W. Thatcher,* for appellee.

*Anthony J. Celebrezze, Jr.,* Attorney General, and *Angela G. Phelps-White,* Assistant Attorney General, for appellant.

GREY, Judge.

The Ohio Department of Highway Safety, Bureau of Motor Vehicles ("BMV"), appeals from a decision in which the Scioto County Common Pleas Court reversed its order suspending the driving privileges of Brenda G. Kerns.

The record reveals the following facts. On April 13, 1984, Kerns rented a Ford Thunderbird from Pack's Rentals in Portsmouth, Ohio. The vehicle was owned by the Hertz Corporation ("Hertz"). Kerns gave her son permission to operate the vehicle. Kerns's son was subsequently involved in an accident.

On June 27, 1985, Hertz filed a complaint in the Portsmouth Municipal Court alleging that Kerns breached the rental agreement. Hertz asked for damages for depreciation in the amount of $1,003.93. On October 16, 1985, a default judgment was obtained by Hertz.

On September 1, 1988, Hertz sent a certified copy of the judgment to the Registrar of BMV. On November 23, 1988, BMV issued a notice of suspension to Kerns. According to the notice, Kerns driving privileges were suspended from November 23, 1988 to November 23, 1995, or until she serves the mandatory ninety-day suspension, pays the reinstatement fee, pays the judgment, and provides proof of financial responsibility.

On December 7, 1988, Kerns filed a notice of appeal with the Scioto County Common Pleas Court. On May 9, 1989, the court found that the judgment of October 16, 1985 was based upon breach of contract and did not fall within the

definition or purpose of R.C. 4509.02(A), since the judgment had no relationship to Kerns's ownership or operation of a motor vehicle. The court filed an entry ordering the suspension by the Registrar set aside and reinstating Kerns's operating and license privileges.

BMV has filed a timely notice of appeal to this court. Kerns did not file a brief. BMV's assignments of error are related and will be jointly addressed.

### First Assignment of Error

"The court below erred as a matter of law when it concluded that the judgment rendered against appellee did not fall within the definition or purpose of Revised Code 4509.02(A), when, in fact, the judgment arose out of the use of a motor vehicle."

### Second Assignment of Error

"The court below erred as a matter of law when it concluded that the suspension order was illegal when (A) the Registrar of Motor Vehicles can suspend a person's driver's license for an unsatisfied judgment under Revised Code 4509.37 and (B) the suspension order was supported by reliable, probative and substantial evidence and hence, is in accordance with the law.

"A. The Registrar of Motor Vehicles can suspend a person's driver's license for an unsatisfied judgment under Revised Code 4509.37.

"B. The suspension order was supported by reliable, probative and substantial evidence and hence is in accordance with the law."

R.C. Chapter 4509 is known as the "Ohio Financial Responsibility Act." The purpose of the Act is to "provide sanctions which would encourage owners and operators of motor vehicles on Ohio highways to obtain liability insurance sufficient in amount to protect others who might be injured through the negligent operation of a motor vehicle." *Iszczukiewicz v. Universal Underwriters Ins. Co.* (D.C.Ohio 1960), 182 F.Supp. 733.

R.C. 4509.37(A) provides, in part:

"The registrar of motor vehicles upon receipt of a certified copy of a *judgment,* shall forthwith suspend the license and registration * * * of any person against whom such judgment was rendered * * *." (Emphasis added.)

"Judgment" is defined in R.C. 4509.02(A) as " * * * any judgment which has become final * * * upon a *cause of action arising out of the ownership, maintenance, or use* of any motor vehicle for damages * * *." (Emphasis added.)

Hertz obtained a default judgment against Kerns for breach of the rental agreement. The cause of action arose because Kerns returned the rented

vehicle in damaged condition in violation of the rental agreement, essentially a bailment case. The cause of action did not directly arise out of the ownership, maintenance, or use of the Hertz vehicle.

Under appellant's overbroad interpretation of the statute, virtually any event would be related to, and subject to, R.C. 4509.02(A). If the car were damaged in a parking lot, if it fell off the jack while being repaired, if it were stolen and wrecked, all these could be construed as arising out of the operation, maintenance or use. Thus any violation of the bailment contract would be sufficient to incur the penalties of the financial responsibility law.

■ The purpose of Ohio's financial responsibility law is to get uninsured motorists off the road. It is not intended to make the BMV a collection agency for bailment contract disputes between car rental companies and car renters.

■ The contract judgment against Kerns does not fall within the definition and purpose of R.C. Chapter 4509. The Registrar of BMV received a certified copy of the judgment which had remained unsatisfied for almost three years. The registrar did not have statutory authority to suspend Kerns's driving privileges. See R.C. 4509.37(A).

Appellant's first and second assignments of error are overruled. The decision of the common pleas court is affirmed.

*Judgment affirmed.*

HOMER E. ABELE, P.J., concurs.

STEPHENSON, J., concurs in judgment only.