JOSEPH AMBROSE, PLAINTIFF-APPELLANT, v. INDEMNITY INSURANCE COMPANY OF NORTH AMERICA, DEFENDANT-RESPONDENT.

Argued February 6, 1940—Decided April 25, 1940.

For the plaintiff-appellant, *Edmund A. Hayes.*

For the defendant-respondent, *George L. Burton.*

The opinion of the court was delivered by

CASE, J. This is an appeal by the plaintiff from a judgment entered against him in the Supreme Court pursuant to *postea* from the Middlesex Circuit. There had been an earlier trial wherein the judgment was reversed by this court, 120 *N. J. L.* 248, with a *venire de novo*. During the course of the second trial plaintiff amended his complaint to consist of two counts. The first count, with an *ad damnum* clause of $6,080.85, grounded in the general liability of the defendant company under the terms of an indemnity policy which it carried on John Ambrose against whom plaintiff had secured a judgment. The second count (which included by paragraph references all of the allegations of the first count) carried an *ad damnum* clause of $5,080.85 and grounded in the same policy as affected by the Motor Vehicle Financial Responsibility law, chapter 116, *Pamph. L.* 1929, as amended and supplemented by chapter 169, *Pamph. L.* 1931, now *R. S.* 39 :6-1, *et seq.* In this manner the way was opened for either a verdict under the first count for the entire amount of the judgment sued upon, $6,080.85, or for a verdict under the second count up to the limitation imposed by the Financial Responsibility act, namely, $5,000 exclusive of interest and costs, with the right in the defendant to plead, as to the excess of the policy above the statutory limitation, any defenses which it might be entitled to plead against the insured. *R. S.* 39 :6-20 (a). Thus the second trial was upon a wholly new set of pleadings. At the close of the trial the judge directed a verdict in favor of the defendant on the first count and sent the second count to the jury upon the primary issue of whether or not the proofs established that the plaintiff, Joseph Ambrose, was, at the time he was injured, an employe engaged in any business or occupation of John Ambrose (brother to Joseph), the assured. The judge further instructed the jury that if it should find affirmatively on that question its verdict should be for the defendant, but that if it found that Joseph was not so employed there should be a verdict for the plaintiff in the sum of $5,080.85. The jury brought in a verdict for the defendant. The significance of

the question thus put to and decided by the jury lay in the following provision of the insurance contract:

"This Policy does not cover: (a) any liability of the Assured to any employe of the Assured (except household servants other than chauffeurs) while engaged in any business or occupation of the Assured or in the operation, maintenance or use of any automobile covered by this Policy, or to any person to whom the Assured may be liable under any Workmen's Compensation Law."

That contractual exclusion, as well as the assertion that the plaintiff came within the exclusion, was pleaded as a separate defense to each count.

The grounds of appeal go to the direction of verdict (inadvertently called a nonsuit) for the defendant on the first count and to certain of the court's rulings on evidence.

It is first said for the appellant that the trial judge, in directing the verdict on the first count, erred in holding that the assured's ownership of the motor vehicle under a conditional bill of sale was a breach of the policy warranty that "The automobiles covered hereby are owned exclusively by the named assured except as follows: No exceptions." The question here presented is whether the character of ownership held by the assured was a breach of the warranty that ownership was exclusive in him. The second point carries a related argument. The instrument of purchase is not printed with the papers in the case. It is, as we have said, called a conditional bill of sale. But that proves little. Some of the contents were read into the testimony, and those parts we have; such, for instance, as an identification of the car which caused the injury, its total price, the amount paid, the balance due and how payable, and this clause: "One: Title to said property shall not pass to purchaser until said amount is fully paid in cash." It is conceded that the amount of the purchase price had not, at the time in question, been fully paid. From the proofs before us it therefore appears that title had not passed to John Ambrose. If title had not passed to him, surely he could not have been the exclusive owner, and that is what, at the issuing of the policy, he represented he was. "Exclusive owner" is much the same as "sole owner," and the

latter expression was defined in *Hudson Casualty Insurance Co.* v. *Garfinkel*, 111 *N. J. Eq.* 70, as descriptive of the condition which exists "when no other has any interest in the property as owner." It was Vice-Chancellor Bigelow's view, as expressed in *U. S. Casualty Co.* v. *Timmerman*, 118 *N. J. Eq.* 563, that title under a conditional bill of sale was not exclusive ownership within the meaning of a policy representation that an automobile was owned exclusively by the assured. We need not go that far. What the entire contract would disclose we do not know; but so much of it as is printed leads us to conclude, under the Garfinkel case, *supra*, that the warranty was false and that the court's action thereon was without error.

But if it were otherwise we fail to see how appellant would be harmed. Had the first count gone, as appellant thinks it should have, to the jury along with the second, it would have come to nothing upon a finding that plaintiff's *status* with respect to his injury was that of an employe. The jury verdict on the second count necessarily comprehended an affirmative finding upon the primary question of employment which could not, under the pleadings and the proofs, be otherwise on the first count than on the second. Employment and its incidents having been found to exist, plaintiff's recovery against the employer lay under the Workmen's Compensation acts, a form of liability against which respondent did not insure.

Plaintiff, in its reply to the defense of breach of policy warranty, set up knowledge by defendant, at the time of execution, of the character of John Ambrose's ownership. Waiver was not aptly pleaded but, if the reply be taken as sufficient in that respect, the case closed without evidence to support the assertion. Knowledge acquired after the accident by the insurer's investigator was not within the purview of any issue raised by the pleadings and was not, so far as our reading of the transcript divulges, presented or discussed at the trial as a manifestation of waiver.

It is also said that there was no evidence upon which it might be found that the plaintiff was acting in his capacity as an employe. But there was such evidence. Reference need

be made only to proof of a declaration, which obviously was against interest and was on a major issue, attributed to plaintiff as follows: "I was in the garage and was opening the inside garage door to get my school bus when I was suddenly struck by the front bumper of my brother's Buick sedan." The declaration of a party to a cause as to the subject-matter of the controversy is competent to be proven by the opposite party as a substantive matter of proof. *Newhouse* v. *Phillips,* 110 *N. J. L.* 421.

Appellant complains, in relation to the question of waiver, of the striking of testimony that on an occasion before the obtaining of the policy sued upon John Ambrose told a representative from the insurance company that the insured automobile had been partly paid for. The policy contained a clause stating that no condition or provision of the policy should be waived or altered except by endorsement attached thereto. Such a provision is valid and effective when applied to conditions and provisions that relate to the formation of the contract and are essential to its binding force. *Vozne* v. *Springfield Fire, &c., Co.,* 115 *N. J. L.* 449. We find no error in the ruling.

It is argued as to other evidence rulings that plaintiff's judgment against John Ambrose is *res adjudicata* against the latter's insurer, the defendant-respondent herein. The objections to the rulings on evidence were made generally and were not directed toward one or the other count. Therefore, if the evidence was properly admissible as to either count, the rulings were not erroneous. A brief recital of the facts, at the cost of some repetition, and of the pertinent decisions will, we think, show the fallacy of appellant's argument as applied to the first count. The controversy as to facts lay within small compass. Appellant concedes that "Joseph Ambrose on the date of the accident and several years prior thereto was in the employ of John Ambrose as a bus driver" but contends, and contended at the trial, that he was not working on the day of the accident. John Ambrose had general indemnity insurance from the defendant company, and the accident out of which the claim arises happened in his garage, as a result of the movement of his motor vehicles. Plaintiff sued him

in the Middlesex Common Pleas. The defendant company refused to defend, claiming that there was no liability under the policy. Within ten days after the accident the insurer wrote John Ambrose that it would not assume the loss and gave as one of the reasons for the disclaimer that Joseph's injury arose out of and in the course of his employment. John Ambrose, although thus forewarned, nevertheless, according to appellant's brief, interposed no such defense to Joseph's action against him. A plausible reason for that omission lies in the fact that he did not have, and never had had, compensation insurance and that it was therefore to his interest, if liability existed, to have that liability determined upon a theory that would carry indemnification. Plaintiff prosecuted the suit and got judgment against John Ambrose. An execution issued on that judgment and was returned unsatisfied. The judgment creditor then brought the present action against the defendant company claiming liability for the judgment against John under the policy issued to the latter. It was conceded by plaintiff's attorney at the trial that the effect of the changes in the bill of complaint was to create a first count which was entirely independent of the financial responsibility law and would be subject to adverse decision if a warranty had been breached. The court, deeming that the testimony, without dispute, was that John Ambrose, the assured, had breached a warranty in the policy, directed a verdict for the defendant on the first count but sent the case to the jury in the manner and with the result hereinabove mentioned as to the second count.

Plaintiff under his first count had no greater rights under the policy than the assured; he was bound by the terms of the policy; he could not recover against the insurer unless the assured could have done so had the latter paid the judgment. *Neilson* v. *American Mutual Liability Insurance Co., &c.,* 111 *N. J. L.* 345; *Kindervater* v. *Motorists Casualty Co.,* 120 *Id.* 373; *Brodsky* v. *Motorists Casualty Insurance Co.,* 112 *Id.* 211; *affirmed,* 114 *Id.* 154. If an insurer unconditionally defends its assured in a suit by a third party without obtaining from its assured an agreement of non-waiver, or serving a notice of disclaimer upon its assured or otherwise

making a timely reservation of its rights, it is estopped thereafter to deny liability. *O'Dowd* v. *U. S. Fidelity and Guaranty Co.,* 117 *Id.* 444. But the question is one of estoppel by conduct, *Cook* v. *Preferred Accident Insurance Co.,* 114 *Id.* 141, and if the insurer has not created an estoppel against itself the policy provisions prevail. By taking one of the designated precautions the insurer may even defend its assured against the damage suit and still preserve its right to defend itself, on the basis of the contract, against either its assured or the judgment creditor of the assured. *Zisko* v. *The Travelers Insurance Co.,* 117 *Id.* 366. Here the insurer, so far as we can ascertain, did nothing that could raise any mistaken notion about its attitude. Its liability is measured by its policy contract. It is, we think, quite obvious that had John paid the judgment and then sought indemnification by suit against the insurer he could not, under the circumstances of the case, successfully have raised the plea of *res adjudicata* against the insurer's defense that the relation between John and Joseph was that of employer and employe. If that would be so as to John, it is, according to our cases, so also as to Joseph. We find, therefore, that the respondent was not estopped by *res adjudicata* or other like doctrine from defending against the appellant and that the rulings in dispute were proper.

Appellant complains also that the defendant was permitted, over objection, to prove that John Ambrose carried no workmen's compensation insurance, citing *Sutton* v. *Bell,* 79 *N. J. L.* 507, wherein it was held that in actions for negligence the defendant's insurance against loss is not a proper matter for the consideration of the jury upon the question of his negligence; but the attempted analogy is in words and not in principle. In the instant case the defendant charged collusion between the brothers in the failure by John to set up the defense of employment, and it was upon that charge that the evidence was offered and admitted. We find no error in the ruling.

The remaining points presented by appellant seem to us not to have substance.

The judgment will be affirmed.

*For affirmance*—THE CHIEF JUSTICE, CASE, BODINE, DONGES, HEHER, PERSKIE, PORTER, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, HAGUE, JJ. 13.

*For reversal*—None.