Argued October 28, affirmed November 24, 1965

# HARTFORD ACCIDENT AND INDEMNITY
## COMPANY *v.* KAISER ET AL
### 407 P. 2d 899

*Elliot Cummins,* McMinnville, argued the cause for appellants. On the brief were Cummins & Devlin, McMinnville.

*Edwin J. Peterson,* Portland, argued the cause for respondent and cross-appellant. With him on the brief were Tooze, Powers, Kerr, Tooze & Peterson, Portland.

Before McALLISTER, Chief Justice, and PERRY, SLOAN, GOODWIN, DENECKE, HOLMAN and SCHWAB, Justices.

## GOODWIN, J.

Both parties appeal from a declaration of rights under an insurance policy.

Hartford Accident and Indemnity Company brought declaratory proceedings to absolve itself of any obligation to defend or to satisfy a possible judgment in a pending action by one Denison Grant against Jacob Kaiser, Jr., and his parents. Grant alleged that he was injured by an automobile driven by Jacob Kaiser, Jr.

The Kaisers appeal from a judgment limiting their insurance coverage for the accident in question to the minimum ($5,000 for one person) required under ORS 486.011 to 486.991 (the Oregon Financial Responsibility Act). Hartford cross-appeals from that part of the judgment which holds that it must defend the pending action.

Hartford provided Jacob Kaiser, Sr., as named insured, and the permissive users of certain of his auto-

mobiles with liability insurance. The policy limits were $25,000 for each injured person, and up to $100,000 for each accident. A specific exclusion was added to the policy, however, by an endorsement which read:

"* * * such insurance as is afforded under * * * [the coverages for bodily injury and property damage] does not apply as respects the operation of any automobile by the following:

"Jacob Kaiser, Jr."

Under another special endorsement, Hartford undertook, notwithstanding the specific exclusion of Jacob Kaiser, Jr., to provide Jacob Kaiser, Sr., with the supplemental coverage necessary to satisfy the Oregon financial responsibility statutes. Such coverage under ORS 486.411 necessarily has an independent omnibus clause, and in the case before us had, as its own special limits of liability, the minimum requirements of the statute ($5,000 and $10,000). The evidence does not disclose why the "financial-responsibility" endorsement was added to the policy, but the driving record of any member of the Kaiser family could have made such compliance with the financial-responsibility law necessary. In any event, Jacob Kaiser, Sr., paid an additional premium for this additional insurance.

The Kaisers now contend that despite the specific exclusion of coverage under the one endorsement referring to Jacob Kaiser, Jr., he is brought back under the coverage of the main policy to the full extent of the policy limits, as an "omnibus insured" under the financial-responsibility endorsement. A California case is said to support this theory. See *Wildman v. Government Employees' Ins. Co.*, 48 Cal2d 31, 307

P2d 359 (1957). There, however, the court held only that under the law of that state the policy could not exclude permissive users from the definition of "insured." The case had nothing to do with limits of liability.

We find no basis in the Oregon statutes for denying insurance companies the right to exclude certain named individuals from the full-face-value coverage of a policy so long as they cover the same individuals to a limited degree as "omnibus insureds" when they choose to write the minimum coverage required by the financial-responsibility statutes.

■ A fair reading of the entire contract confines Hartford's exposure to the statutory minimum under 242 Or 150, 407 P2d 614 (1965). At the same time, the provisions of the Oregon financial-responsibility law superseded the clause excluding all coverage for automobiles driven by Jacob Kaiser, Jr. Under the endorsement certifying financial responsibility, the prescribed minimum statutory coverage must be afforded all persons (including Jacob Kaiser, Jr.) using the insured vehicle with the consent of the policy holder. Thus, Hartford could not, under its contract, avoid the minimum coverage for Kaiser automobiles driven by Jacob Kaiser, Jr., once it chose to certify financial responsibility. Indeed, the printed policy itself states that Hartford shall comply with the provisions of the relevant state financial responsibility law whenever Hartford undertakes (by an endorsement) to certify proof of future financial responsibility.

There remains the matter of Hartford's cross appeal, wherein it denies any obligation to defend actions arising out of the accidents of Jacob Kaiser, Jr.

■ In describing insurance policies which will satisfy the financial responsibility law, Hartford points out, ORS 486.411 (1) lists no requirement that participating insurance companies assume an obligation to defend. We need not decide, however, whether ORS 486.411 (1) incorporates by implication any such requirement. In the Kaiser policy, Hartford expressly undertakes to defend all lawsuits "with respect to such insurance as is afforded by this policy." We hold the financial-responsibility coverage to be insurance afforded by the policy, and therefore within the scope of Hartford's contractual obligation to defend. The cases cited by Hartford in support of its cross appeal dealt with facts under which no insurance coverage existed, and they are therefore not in point.

Affirmed.