STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY v
SHELLY

1. STATUTES—ACTS—TITLE—OBJECT—CONSTRUCTION.

The title of an act should be construed reasonably and not in so narrow and technical a sense as unnecessarily to embarrass legislation where questions arise as to whether the act has its object expressed in the title.

2. CONSTITUTIONAL LAW—STATUTES—ACTS—TITLE—OBJECT.

The so-called "title-object" clause of the constitution which requires that any act have but one object which shall be expressed in its title, does not require that the title disclose every specific provision of the act or that the act be no more comprehensive than is indicated by its title, as long as the act is concerned with only one object and the provisions are consistent with the object of the act as expressed in its title (Const 1963, art 4, § 24).

3. INSURANCE—AUTOMOBILES—STATUTES—OWNERS—NON-OWNER DRIVERS—LIMITS OF LIABILITY.

An automobile driver who is afforded insurance coverage pursuant to a statute which invalidated an exclusion on a policy of insurance which denied coverage to a particular named driver under an owner's policy of insurance is entitled to protection up to the policy limits, rather than to the statutory minimum limits of liability, where the policy limits are greater than the statutory minimum (MCLA 257.520[b][2]).

4. APPEAL AND ERROR—PRESERVING QUESTION.

Appellate review is precluded in a claim which was not presented to the trial court.

Appeal from Oakland, John N. O'Brien, J. Submitted Division 2 February 11, 1975, at Lansing.

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 73 Am Jur 2d, Statutes §§ 98, 99, 102, 122.

[3] 7 Am Jur 2d, Automobile Insurance § 194.

[4] 5 Am Jur 2d, Appeal and Error § 545 *et seq.*

(Docket No. 19577.) Decided March 12, 1975. Leave to appeal applied for.

Complaint by State Farm Mutual Automobile Insurance Company against Harold F. Shelly, Jr., Joseph H. Hawley, administrator of the estate of Dorothy Hawley, deceased, Andrea Leigh Thomas, administratrix of the estate of Lynn Thomas, deceased, and Andrea Leigh Thomas, individually, and Andrea C. Thomas, for a declaratory judgment regarding coverage under an insurance policy. Judgment for defendants. Defendants Hawley and Thomas appeal that portion of the judgment limiting coverage to the statutory minimum. Plaintiff cross-appeals that portion of the judgment which found the Motor Vehicle Accident Claims Act constitutional. Affirmed in part, reversed in part, and remanded.

*Draugelis, Ashton & Scully,* for plaintiff.

*Keller & Avadenka, P. C.,* for defendants Hawley and Thomas.

Before: ALLEN, P. J., and T. M. BURNS and R. M. MAHER, JJ.

ALLEN, P. J. Hawley and Thomas, hereinafter referred to as defendants, have appealed from that portion of a February 13, 1974 order of declaratory judgment which held that State Farm Mutual Automobile Insurance Company, hereinafter referred to as plaintiff, was bound to provide insurance coverage to the Shellys in the statutory amounts of $10,000 per individual and $20,000 per accident, MCLA 257.520(b)(2); MSA 9.2220(b)(2), rather than the $25,000 per individual, $50,000 per accident provision in the policy. The plaintiff has cross-

appealed, GCR 1963, 807.1, from that portion of the declaratory judgment which found no violation of the "title-object" rule, Const 1963, art 4, § 24, in the Motor Vehicle Accident Claims Act. MCLA 257.1101; MSA 9.2801.

On April 18, 1971, defendant Harold Francis Shelly, Jr., was driving a vehicle owned by his father, Harold Francis Shelly, Sr., in Waterford Township, Oakland County. That vehicle was involved in a collision with another vehicle driven by Lynn Thomas, and several persons were killed or seriously injured. Subsequently, the instant defendants filed suit against the Shellys in Oakland County Circuit Court, and these proceedings have been stayed since September 27, 1974, pending resolution of this appeal.

At the time of the collision, plaintiff was the insurance company for the Shelly family vehicles, and after filing the answers to the *Hawley and Thomas v Shelly* suit, commenced an action for declaratory judgment to determine its liability under two insurance policies issued by plaintiff to the Shellys. GCR 1963, 521. The parties stipulated that one of the policies was inapplicable to the accident, and the dispute centered about policy number 6101-536-CO1-22D. This policy provided coverage in the amount of $25,000 per individual and $50,000 per accident, and contained a clause excluding coverage of the vehicle when Harold Shelly, Jr., was driving.

The Shellys responded to plaintiff's suit by filing a motion for summary judgment on the ground that plaintiff had failed to state a claim upon which relief could be granted. GCR 1963, 117.2(1). Hawley and Thomas requested the trial court to deny plaintiff's right to declaratory judgment and to enter an order that the insurance policy was

applicable to the accident. Plaintiff objected to the motion for summary judgment and moved the court to enter judgment in its behalf. GCR 1963, 117.3.

The hearing on this matter was held January 29, 1974, and the trial court rendered its written opinion February 1, 1974. The trial court found that the exclusionary clause was invalid in light of *Allstate Insurance Co v Motor State Insurance Co,* 33 Mich App 469; 190 NW2d 352 (1971), *lv den,* 386 Mich 760 (1971). Thus, the exclusionary clause was stricken from the insurance policy, and the vehicle was determined to have been insured at the time of the accident. The court then found that the plaintiff would be liable in the amount of $10,000 per individual and $20,000 per accident pursuant to MCLA 257.520(b)(2); MSA 9.2220(b)(2). The court also found that the title of the Motor Vehicle Accident Claims Act, MCLA 257.1101; MSA 9.2801, was of sufficient breadth to incorporate as an object the requirement that a vehicle not become uninsured and therefore a finding that an exclusionary clause had violated that object was not a violation of the "title-object" rule of the Const 1963, art 4, § 24.

We agree with the trial court that the Motor Vehicle Accident Claims Act is constitutional. At the outset, we note that plaintiff has offered no specific authority for the proposition that an appellate court's interpretation and application of a state statute somehow rendered that statute unconstitutional. Plaintiff's claim that our Court's interpretation and application of the Motor Vehicle Accident Claims Act in *Allstate, supra,* and the conclusion therein, rendered the act unconstitutional as a violation of the title-object rule, Const 1963, art 4, § 24, is clearly without merit.

The title to an act should "be construed reasonably, and not in so narrow and technical a sense as unnecessarily to embarrass legislation". *City of Gaylord v Gaylord City Clerk,* 378 Mich 273, 288; 144 NW2d 460 (1966). Const 1963, art 4, § 24, does not require that the title disclose every specific provision of the act, or that the act, and perhaps its interpretation by a court, "be no more comprehensive than is indicated by the title". "As long as the act is concerned with but one object only", and "as long as the provisions are consistent with the object of the act as expressed in the title", there will be no violation of Const 1963, art 4, § 24. *People v Andrea,* 48 Mich App 310, 323; 210 NW2d 474 (1973). See also *People v Milton,* 393 Mich 234, 247–248; 224 NW2d 266 (1974), and cases cited therein. Applying those rules to the case at hand, we find no violation of the title-object rule, and find that plaintiff's claim is without merit.

Plaintiff further argues that *Allstate, supra,* encroached on legislative power in violation of Const 1963, art 3, § 2, by placing special emphasis on the financial responsibility act, particularly MCLA 257.520(b)(2); MSA 9.2220(b)(2), which was not placed there by the Legislature. Plaintiff argues that *Allstate* effectively amended MCLA 257.1102(d); MSA 9.2802(d) by placing that special emphasis upon § 520(b)(2). Plaintiff cites *School District of Pontiac v Pontiac,* 262 Mich 338; 247 NW 474 (1933), for the proposition that the constitutional duty of a court is to interpret and apply the law rather than to enact laws. That is exactly what *Allstate, supra,* did, and we find plaintiff's case which involved a question as to whether a court had the power to allocate taxes, 262 Mich 338, 353, totally inapplicable to *Allstate's, supra,*

application and interpretation of the Motor Vehicle Accident Claims Act and the financial responsibility act.

It is clear that the exclusionary clause, unauthorized by MCLA 257.520(b)(2); MSA 9.2220(b)(2), was invalid and that Harold Shelly, Jr., was insured at the time of the accident. *Allstate, supra,* p 473; 190 NW2d 354. See also *Robinson v Mendell,* 45 Mich App 368, 370; 206 NW2d 537 (1973), *lv den,* 390 Mich 758 (1973), *Celina Mutual Insurance Co v Preferred Risk Mutual Insurance Co,* 51 Mich App 99, 103–104; 214 NW2d 704 (1974), *lv den,* 391 Mich 819 (1974), and *Lilje v Allstate Insurance Co,* 54 Mich App 378, 381; 221 NW2d 185 (1974). We must now determine the issue of first impression in Michigan of whether or not the $25,000/$50,000 liability limit in the insurance policy or the $10,-000/$20,000 limit contained in the above statute is the amount of coverage which plaintiff must afford to Harold Shelly, Jr. Although *Robinson* noted that because of the invalidity of the clause, the formerly excluded son became an insured person, 45 Mich App 368, 370, and while *Celina Mutual* noted that because the exclusionary clause was invalid the driver became insured under the policy, 51 Mich App 99, 104, neither these cases nor any other Michigan case has been faced with the question now before us.

According to the statement on page 3 of the insurance policy, the plaintiff agreed "to pay on behalf of the insured all sums which the insured shall become legally obligated to pay * * * " as a result of bodily injury or property damage caused by an accident arising out of the ownership, maintenance or use of the owned motor vehicle. Because Harold Shelly, Jr., is now an insured, one might argue that the company would be liable up

to the policy limits. We further note that a finding that Junior was an insured person can be found at page 5 of the insurance policy where the term "insured" is defined, *inter alia,* as a resident of the same household who is also a relative of the first person named in the declaration or of that person's spouse. Junior falls within that definition.

Other jurisdictions have had occasion to consider a question similar to the one at hand, and there seems to be a split of authority on whether the policy limits or the statutory limits apply. *Sandoval v Chenoweth,* 102 Ariz 241, 247; 428 P2d 98, 103 (1967), held that one who became an insured by operation of law was protected to the full limits of the insurance policy rather than the minimum limits of the relevant statute. *Sandoval* referred to the California line of decisions which have rejected the argument that merely because one became an insured party pursuant to the operation of the financial responsibility act, the liability had to be determined by the statutory limit rather than the policy limit. 102 Ariz 246–247; 428 P2d 103, citing *Globe Indemnity Co v Universal Underwriters Insurance Co,* 201 Cal App 2d 9; 20 Cal Rptr 73 (1962), and *Truck Insurance Exchange v American Surety Co,* 338 F2d 811 (CA 9, 1964).

Plaintiff argues that a reading of MCLA 257.520(b)(2); MSA 9.2220(b)(2) and MCLA 257.520(g); MSA 9.2220(g) leads to an interaction by which the minimum statutory limits rather than the policy limits apply. Subsection (g) notes that a policy which provides the required insurance may grant "lawful coverage" beyond the minimum limits, and that:

"[w]ith respect to a policy which grants such excess or additional coverage the term 'motor vehicle liability

policy' shall apply only to that part of the coverage which is required by this section."

Plaintiff's argument is that the $25,000/$50,000 policy limits exceed the minimum required in the statute, and therefore Junior, who became an assured pursuant to the operation of the statute, is only protected up to the statutory limit.

At this point we note that *Sandoval, supra,* rejected a similar argument based upon an identical provision of the Arizona responsibility act, ARS § 28-1170(G). 102 Ariz 247; 428 P2d 103-104. The court said that the portion of sub-section (g), identical to that quoted above, was "ineffectual to limit coverage to the minimum amount required". 102 Ariz 247; 428 P2d 104.

Arizona courts place a broad construction upon the Arizona financial responsibility act in an attempt to meet the purpose of the act to protect the public from financial hardship which may result from the use of automobiles by financially irresponsible people. The Arizona courts have indicated that Arizona is "in the forefront of jurisdictions in making available to automobile accident victims the fullest benefits of insurance coverage". *Farmers Insurance Exchange v Rose,* 411 F2d 270, 273, note 2 (CA 9, 1969). We note that Michigan also makes an attempt to provide the fullest coverage for Michigan claimants, as evidenced by the decisions of the Supreme Court and our Court which allow the "stacking" of insurance benefits until those claimants are able to satisfy their loss. See *Blakeslee v Farm Bureau Mutual Insurance Co,* 388 Mich 464; 201 NW2d 786 (1972), *Boettner v State Farm Mutual Insurance Co,* 388 Mich 482; 201 NW2d 795 (1972), *Citizens Mutual Insurance Co v Turner,* 53 Mich App 616; 220 NW2d 203

(1974), and *Werner v Travelers Indemnity Co,* 55 Mich App 390, 398; 222 NW2d 254 (1974).

As noted above, California also has found that a permissive user assumes full status as an assured, and is entitled to full protection under the policy rather than the statutory minimum. *Globe Indemnity Co v Universal Underwriters Insurance Co,* 201 Cal App 2d 9, 10, 19; 20 Cal Rptr 73, 74, 80 (1962). See also *Truck Insurance Co v American Surety Co,* 338 F2d 811, 813 (CA 9, 1964). *Globe* held that the law "automatically designates the permissive user under the policy as an assured with a status equal to that of the named insured," 201 Cal App 2d 19; 22 Cal Rptr 73, 80, and in the course of its opinion, approvingly cited *Continental Casualty Co v Phoenix Construction Co,* 46 Cal 2d 423, 438; 296 P2d 801, 807 (1956), which, despite the presence of language in the policy which provided that the insurance afforded therein was to comply with the provisions of the motor vehicle financial responsibility law, said the clause could not be relied upon to limit liability to the statutory minimum, and said rather "full or maximum coverage * * * " was to be provided as long as it did not exceed "the clear limitations of the contract." 201 Cal App 2d 18; 20 Cal Rptr 78–79.

The instant policy contains a provision that it complies with the financial responsibility law "to the extent of coverage and limits required thereby" but not in excess of the policy limits. This is the same sort of clause which *Globe Indemnity, supra,* had referred to in *Continental Casualty Co, supra,* which found that the clause did not limit coverage to the minimum statutory limits.

*Metz v Universal Underwriters Insurance Co,* 10 Cal 3d 45; 513 P2d 922; 109 Cal Rptr 698 (1973), involved a situation in which the insurance com-

pany relied upon a specific endorsement to the policy which provided that if a person not insured under the provisions of the policy became insured in conformity with the financial responsibility law, the insurance coverage would be limited to the $10,000/$20,000 limit contained in the statute. *Metz* referred to a provision of the California Insurance Code which required that permissive users were to be afforded insurance coverage "to the same extent [as] such named insured" and held that the special endorsement violated that requirement and rejected the insurance company's contention that different amounts of coverage could be afforded named insureds and those who became insured through operation of the statute. Therefore, the permissive user had to have the same coverage as the named insured. 10 Cal 3d 57; 513 P2d 931; 109 Cal Rptr 706–707.

Although the instant policy does not contain such an endorsement, plaintiff in essence has made a similar argument, and the policy does contain the provision that it complied with the financial responsibility law "to the extent of coverage and limits required thereby". Should a Michigan permissive user, such as Harold Shelly, Jr., be afforded the same coverage as a named insured, or should we adopt plaintiff's argument and limit Shelly's protection to the $10,000/$20,000 minimum?

We have examined Arizona and California precedent on this matter, and further note that Virginia has found that a permissive user is entitled to the same protection afforded a named insured, that in view of the remedial purpose of the financial responsibility act, the policy limits, providing more protection than the statutory minimum, would apply to protect that permissive user. *Hard-*

ware *Mutual Casualty Co v General A F & L Assurance Corp,* 212 Va 780, 784; 188 SE2d 218, 220–221 (1972). We note that while Tennessee provides that the statutory figures should control when they exceed the policy coverage, *Winecoff v Nationwide Mutual Insurance Co,* 223 Tenn 267, 276; 444 SW2d 84, 88 (1969), the Tennessee courts would apparently apply the policy limits when they exceeded the coverage provided in the statute. *Liberty Mutual Insurance Co v McDonald,* 97 F2d 497, 499 (CA 6, 1938).

In the course of its brief, plaintiff refers to 29 ALR2d 817 and the cases cited therein, for the proposition that the financial responsibility limits were properly applied by the trial court. This annotation referred to the "few cases" concerned with the issue (published in 1953 and obviously unable to annotate the Arizona, California and Virginia cases referred to above), and said that they generally hold that the statutory limits, rather than those in the policy, apply. An Illinois case, *Landis v New Amsterdam Casualty Co,* 347 Ill App 560; 107 NE2d 187 (1952), a New Hampshire case, *Farm Bureau Auto Insurance Co v Martin,* 97 NH 196; 84 A2d 823 (1951), and two New Jersey cases, *Ambrose v Indemnity Insurance Co,* 124 NJL 438; 12 A2d 693 (1940), and *Behaney v Travelers Insurance Co,* 121 F2d 838 (CA 3, 1941), were cited for the proposition that the statutory, rather than policy, limits apply.

At the outset, we note that *Ambrose* did not involve the question before us, but rather involved an exclusionary clause precluding an employee from recovering under the insurance policy. *Ambrose* held that the employee had to proceed under the Workmens Compensation Act, and that the insurer, not providing such coverage, was under no

obligation to protect the plaintiff therein. 124 NJL 444; 12 A2d 693, 695. *Behaney* cited *Ambrose* to support the conclusion that a person who became insured when an exclusionary clause was held invalid in light of the financial responsibility law, was entitled to the minimum statutory protection of $5,000. However, the validity of that finding would seem to be seriously in doubt in light of *Kish v Motor Club of America Insurance Co,* 108 NJ Super 405; 261 A2d 662 (1970). In that case, the court held that an exclusionary clause was invalid and that a permissive user was entitled to protection under the policy. The insurance company then argued that if its exclusion was ineffective, the liability should be limited to the $10,000/$20,000 minimum limit in the New Jersey act, NJSA 39:6-31 & 46, rather than the policy limit. *Kish* rejected that contention and specifically rejected the insurance company's argument premised upon a New Jersey statute, NJSA 39:6-46, which is almost identical to MCLA 257.520(g); MSA 9.2220(g). *Kish* said that the insurance company's "attempt to limit the omnibus coverage of the policy is legally ineffective". 108 NJ Super 413; 261 A2d 662, 666–667.

*Landis, supra,* the Illinois case referred to above, involved an insurance policy which contained a provision that the policy complied with the financial responsibility act "to the extent of the coverage and limits of liability required by such law, but in no event in excess of the limits of liability stated in this policy". 347 Ill App 564–565; 107 NE2d 187, 190. This is identical to the clause found on page 5 of the instant policy. *Landis, supra,* gave effect to that language and limited one's protection to the $5,000 figure. 347 Ill App 569; 107 NE2d 187, 192. *Landis, supra,* reached

this result despite its previous finding that the plaintiff had become "an additional assured within the limits of the policy and was entitled to coverage as such assured". 347 Ill App 567; 107 NE2d 187, 191. Relying upon the earlier New Jersey cases (excluding *Kish),* and *Landis, Iszczukiewicz v Universal Underwriters Insurance Co,* 182 F Supp 733, 737 (ND Ohio, 1960), *aff'd,* 290 F2d 590 (CA 6, 1961), said that because liability had been imposed only pursuant to the financial responsibility act, that act's limits, rather than the policy limits, should apply. A paragraph of the insurance policy involved in that case said that the policy complied with the motor vehicle financial responsibility act, and the court imposed liability pursuant to the statutory limit. The above case also relied upon the California decision, *Shapiro v Republic Indemnity Co,* 167 ACA 367; 334 P2d 594 (1959), which was distinguished in *Globe Indemnity Co, supra,* on the grounds that the California Supreme Court vacated that decision and decided the case upon a different ground, and because the endorsement involved therein "became effective without certification". *Globe Indemnity Co, supra,* distinguished *Landis, supra,* on similar grounds. 201 Cal App 2d 9, 18; 20 Cal Rptr 73, 79.

As noted, New Hampshire found that one became insured pursuant to the New Hampshire financial responsibility act, and reversed the lower court's determination that the full policy coverage, rather than the minimum statutory amount, should apply. *Farm Bureau Auto Insurance Co v Martin,* 97 NH 196, 202; 84 A2d 823, 827 (1951). That case involved a specific endorsement on the insurance policy which provided that nothing in the policy was to apply to any insurance that was not required by the New Hampshire laws and a

specific condition of the policy which said that the financial responsibility laws generally applied and that liability insurance would be provided "to the extent to the coverage of limits of liability required by such law, but in no event in excess of the limits of liability stated in the policy". We have seen a similar clause in our case and in many of the cases cited above. The court then went on to refer to another New Hampshire case and *Behaney* to support its conclusion. 97 NH 202; 84 A2d 823, 827.

An Oregon case involved a specific exclusion similar, if not identical, to the one at hand, which provided no insurance coverage if one's son was driving the automobile. Also, the policy included a special endorsement providing supplemental coverage, for which a premium was paid, providing the minimum statutory limits of coverage if the son was driving the vehicle. *Hartford Accident & Indemnity Co v Kaiser,* 242 Or 123, 125; 407 P2d 899, 900 (1965). It was pointed out that the exclusion of the son was specifically authorized by Oregon law as long as the son was covered in an omnibus clause for which a premium was paid, providing minimum coverage pursuant to the financial responsibility statute. Therefore, *Kaiser* held that the insurance company was liable for the minimum statutory amount rather than the policy amounts which afforded protection to the son's parents. The insurance company was liable specifically in light of the endorsement in the policy providing the minimum coverage. 242 Or 126; 407 P2d 899, 900–901. In light of *Allstate, supra,* this Oregon decision provides little assistance to the case before us.

The above are the cases from other jurisdictions which have had occasion to consider the question

before us. It seems clear that New Jersey is now in line with California, Arizona, and Virginia as far as affording the more extensive coverage provided in the policy rather than the minimum coverage of the statute. While New Hampshire and Illinois more or less gave specific performance to the policy language that the minimum limits of the statute would apply, it would seem that the trend, as evidenced by the California decisions, is to the contrary. In particular, we note *Universal Underwriters v Gewirtz,* 5 Cal 3d 246; 486 P2d 145; 95 Cal Rptr 617 (1971), and the support it provided the court in *Metz v Universal Underwriters,* 10 Cal 3d 45, 54; 513 P2d 922, 924; 109 Cal Rptr 698, 700 (1973), which found an endorsement in an insurance policy, which attempted to limit coverage to the minimum if liability was found pursuant to application of the financial responsibility act, to be a violation of the principle that permissive users had to be insured to the same extent as a named insured. *Metz* said that the financial responsibility law had to be liberally construed to support the objective of giving monetary protection to injured third parties, and therefore the permissive user was entitled to the identical protection as afforded a named insured. 10 Cal 3d 53, 57; 513 P2d 927, 931; 109 Cal Rptr 698, 703, 706.

We previously noted that Michigan is among the jurisdictions which allow the "stacking" of insurance benefits where two or more insurance companies are involved, so that the injured party may satisfy his loss. *Werner v Travelers Indemnity Co,* 55 Mich App 390, 398; 222 NW2d 254 (1974), and cases cited therein. Narrow and restrictive interpretations and arguments were rejected to allow the stacking of benefits. *Allstate, supra,* noted that Michigan required that a liability policy be writ-

ten in conformity with statutory requirements. 33 Mich App 469, 473. This public policy is obviously premised upon the proposition that motor vehicle operators must be financially responsible so as to compensate the innocent victims of automobile accidents. We align ourselves with what seems to be the trend in this area, and find that the trial court erred in limiting Shelly's protection to the $10,000/$20,000 statutory minimum, and further find that he is entitled to be protected up to the policy limits of $25,000/$50,000 as an insured person under the policy.

Resolution of this issue makes it unnecessary for us to consider defendant's claim that the exclusionary endorsement was not properly executed. We further note that this claim was not presented below, and is precluded from appellate review. See *Head v Benjamin Rich Realty Co,* 55 Mich App 348, 359–360; 222 NW2d 237 (1974).

Affirmed in part, reversed in part, and remanded for entry of judgment consistent with the above.