Argued and submitted July 1, 1993, resubmitted In Banc April 6, affirmed May 25, petition for review denied July 26, 1994 (319 Or 407)

James M. HARLAN,
Blanca Harlan and Teresa Lopez,
*Appellants,*

*v.*

VALLEY INSURANCE COMPANY,
a California insurance corporation,
*Respondent.*

(92-2116-L-3; CA A78046)

875 P2d 471

Robert H. Grant argued the cause and filed the briefs for appellants.

Joel S. DeVore argued the cause for respondent. With him on the brief was Luvaas, Cobb, Richards & Fraser, P.C.

DEITS, J.

Riggs, J., dissenting.

**DEITS, J.**

Plaintiffs appeal from a summary judgment for defendant insurer. We affirm.

In 1989, defendant Valley Insurance Company issued an automobile insurance policy to Erik and Linda Jorgensen, as the named insureds. On the morning of August 23, 1989, their 15-year-old daughter, Erika, acquired a driver's learning permit. Later that day, Erika drove the family car without her parents' permission and collided with plaintiffs' car, injuring the occupants. Notice of the accident was given to defendant. However, defendant refused to defend or to pay damages for plaintiffs' injuries. Plaintiffs brought this action under ORS 742.031, which permits injured parties to sue a tortfeasor's insurer directly. Cross-motions for summary judgment were filed, and the trial court granted summary judgment in favor of defendant on the ground that Erika was not covered because she used the car without permission.

The pertinent provision of the insurance policy at issue here states that defendant

"will pay damages for bodily injury or property damage for which any covered person becomes legally responsible because of an auto accident."

A "covered person" is defined to include, as relevant:

"1.  [The named insureds] or any family member for the ownership, maintenance or use of any auto or trailer.

"2.  Any person using [the] covered auto."

Erika is a "family member" and, therefore, a "covered person."

The policy lists a number of exclusions. The one in dispute here provides:

"A.  We do not provide liability coverage for any person:

"* * * * *

"8.  Using a vehicle without a reasonable belief that that person is entitled to do so."

The parties agree that Erika was using the vehicle without her parents' permission at the time of the accident. They disagree, however, about whether, notwithstanding that fact,

the Financial Responsibility Law (FRL) requires coverage up to the minimum amounts specified in ORS 806.070.

At the time that the policy was purchased, ORS 743.776 provided:

"(1) Every motor vehicle liability insurance policy issued for delivery in this state shall state the name and address of the named insured, the coverage afforded by the policy * * * and shall contain an agreement or indorsement which provides that the insurance provided thereunder in accordance with the coverage described under ORS 806.070, 806.080 and 806.270 as respects bodily injury and death or property damage, or both, and is subject to all provisions of the Oregon Vehicle Code relating to financial responsibility requirements as defined in ORS 801.280 and future responsibility filings as defined under ORS 801.290."

ORS 743.778 provided that the following liabilities need not be covered:

"The motor vehicle liability insurance policy required by ORS 806.010, 806.060, 806.080, 806.240 or 806.240 or 806.270 need not insure any liability under any workers' compensation law; nor any liability on account of bodily injury to or death of an employe of the insured while engaged in the employment, other than domestic, of the insured, or while engaged in the operation, maintenance or repair of a vehicle; nor any liability for damage to property owned by, rented to, in charge of, or transported by the insured."

ORS 806.080 required that every insurance policy meet the following requirements:

"(1) It must be a policy or part of a policy designating, by explicit description or by appropriate reference, all motor vehicles for which coverage is provided by the policy and insuring the named insured and all other persons insured under the terms of the policy against loss from the liabilities imposed by law for damages arising out of the ownership, operation, use or maintenance of those motor vehicles."

Under these statutes, an insurer who undertakes to provide motor vehicle liability insurance must provide its named insured, all persons insured under the terms of the policy, and those who have the consent of the named insured,[1]

---

[1] In *Viking Ins. Co. v. Petersen*, 308 Or 616, 784 P2d 437 (1989) the court held that ORS 806.270(3)(a) required motor vehicle liability insurance policy to cover all

with the mandatory minimum limits of coverage. Here, Erika is not a "named insured"[2] and the trial court found that she drove the car without a reasonable belief that her parents had given her permission to do so. Therefore, the mandates of ORS 806.080(1) do not apply unless Erika is a "person[] insured under the *terms of the policy*." (Emphasis supplied.)

To resolve this case, we must interpret the terms of the insurance policy. ORS 742.016. Although Erika is a "covered person" under the policy,[3] that conclusion does not end the inquiry regarding the applicability of the FRL. The FRL requires minimum coverage for a person "insured under the terms of the policy." Therefore, it is necessary to determine if daughter is insured under the terms of the policy. Here, Erika is expressly excluded from coverage under the policy, because she did not have a reasonable belief that she

---

persons who use the named insured's vehicle with consent. ORS 806.270(3)(a) provided that a certificate of insurance must show that the person required to make the filing of future responsibility filing is:

"Insured by a policy meeting the requirements under ORS 806.080 that also covers all other persons who, with the consent of the insured, use the vehicles owned by the person making the filing[.]"

[2] Under the heading "**DEFINITIONS**" the policy says:

"Throughout this policy 'you' and 'your' refer to:

"1. *The 'named insured' shown in the Declarations*; and

"2. The spouse if a resident of the same household." (Emphasis supplied.)

The Declarations sheet lists Erik and Linda Jorgensen. The daughter is not mentioned by name in any part of the insurance policy.

[3] The distinction between a "named insured" and a "covered person" is analogous to the distinction between a "named insured" and an "insured":

" '* * * Two descriptive expressions are used in the policy to designate the person covered by insurance, "named insured" and "insured." Whenever the description "named insured" is used, only the person named in the declarations of the policy is meant. Whenever the word "insured" is used, it includes any other person who *may* be covered by the policy.' " *Waller v. Rocky Mtn. Fire & Casualty*, 272 Or 69, 77, 535 P2d 530 (1975), quoting 1 Long, *Law of Liability Insurance* 3-3, § 301 (1966). (Emphasis supplied.)

The difference between a person insured under the terms of the policy and a "covered person" is significant, because the FRL does not require coverage for anyone who is a covered person. The minimum coverage is mandated only for the "named insured" and those who use the designated vehicle with the named insured's consent. All other "covered persons" may be excluded unless they are insured under the terms of the policy. ORS 806.080(2). As discussed *infra*, the FRL does not require that insurance be provided for a "covered person" driving without the consent of the named insured.

had permission to use her parents' car. That fact is not challenged on appeal. It follows that Erika is not insured *under the terms of the policy.* Accordingly, the FRL does not require that Insurer provide liability coverage for Erika under these circumstances.

The dissent reasons that because Erika falls within the definition of a "covered person" that ends the inquiry, and she is insured under the terms of the policy. The dissent's reasoning, however, ignores the *other terms* of the insurance policy – the exclusions. Under the dissent's reasoning, Insurer would have to provide coverage to the limits of the FRL to a thief who had stolen the Jorgensens' car and wrecked it, because the definition of a "covered person" includes "any person using the covered auto." The dissent's refusal to consider the exclusions as "terms of the insurance policy" leads to this absurd result. An insurance policy, just as any contract, must be read as a whole. *Hoffman Construction Co. v. Fred S. James & Co.*, 313 Or 464, 477, 836 P2d 703 (1992). Under these circumstances, reading the insurance policy in its entirety, Erika is not insured under its terms. Therefore, the FRL does not mandate that the Insurer provide her with the minimum limits of liability coverage for this accident.

The dissent reasons that, because Erika is a person within the insuring clause of the policy, the exclusion in the policy for non-permissive users conflicts with the FRL and cannot be used as a basis to exclude coverage. It is correct that an exclusion which conflicts with the mandates of the FRL will not be given effect, except to deny coverage in excess of the mandatory minimum limits. However, the dissent does not identify, and we have not found, any provision of the FRL which requires an insurer to provide coverage for a non-permissive user. The dissent purports to find that requirement in the phrase "all other persons insured under the terms of the policy." In doing so, the dissent negates the effect of the exclusion *before* determining whether the exclusion conflicts with the FRL.

The case law establishes that the analysis must begin with the requirements of the FRL. In *Viking Ins. Co. v. Petersen, supra,* and *Viking Ins. Co. v. Perotti,* 308 Or 623, 784 P2d 1081 (1989), the court found that ORS 806.270(3)(a)

required a motor vehicle liability insurance policy to provide coverage for permissive users. Therefore, in *Petersen*, the application of an exclusion for drivers under age 25 was found to conflict with the FRL, because the 19-year-old driver had the named insured's consent to use the motor vehicle. Likewise, in *Perotti*, the policy restricted coverage to the named insured only, thereby excluding all permissive drivers; because the driver of the motor vehicle had the named insured's consent, the policy restriction conflicted with the FRL and was not given effect. In *State Farm Fire and Casualty Co. v. Jones*, 306 Or 415, 759 P2d 271 (1988), the court held that, because ORS 743.778 did not list coverage for bodily injury to an insured as one of the risks that an insurance policy need not insure, by negative implication, it was a risk that a policy must insure. Therefore, in that case, the policy exclusion for bodily injury to an insured was held to conflict with the FRL and was not given effect. 306 Or at 420.

ORS 806.080 says that minimum coverage must be provided for the named insured and all other persons insured under the terms of the policy. An exclusion is a term of the policy and, absent a conflict with the FRL, it must be given effect. The FRL does not require an insurer to provide coverage for a non-permissive user. The insurer here was entitled to exclude non-permissive users from coverage under the terms of its policy.[4] The trial court did not err in granting insurer's motion for summary judgment.

Affirmed.

**RIGGS, J.,** dissenting.

The majority and defendant read the relevant provisions of the Financial Responsibility Law (FRL) as allowing defendant insurer to exclude FRL coverage for a person whom the policy covers for reasons *other* than her status as a permissive user because she is not *also* a permissive user. I do

---

[4] The dissent would hold that any person who is a potential insured under an insurance policy must be provided the minimum coverage mandated by the FRL despite an express exclusion that would otherwise negate coverage. Such a holding would "wreak havoc with common-place exclusions." Most insurance policies have broad insuring clauses. Requiring insurers to provide the minimum coverage under the FRL to any potential insured means that no exclusion would operate to deny coverage except in excess of the mandatory minimum limits.

not agree with that reading of the statute, and I therefore respectfully dissent.

At the time the policy was purchased, ORS 743.776 required motor vehicle liability insurance policies to contain an agreement or endorsement providing insurance "in accordance with the coverage described under ORS 806.070, 806.080 and 806.270," along with other financial responsibility provisions of state law.[1] ORS 806.080(1) provided that, to meet the statutory financial responsibility requirements, a policy must insure "the named insured and all other persons insured under the terms of the policy" against loss for liability or damages arising out of specified activities involving vehicles.[2] ORS 806.270(3)(a) provided that a certificate used to comply with future financial responsibility requirements must show that the person making the filing is, as relevant here:

> "Insured by a policy meeting the requirements under ORS 806.080 that also covers all other persons who, with the consent of the insured, use the vehicles owned by the person making the filing."

Defendant argues that ORS 806.080 does not require coverage for persons other than the named insureds unless they are "insured under the terms of the policy"; because the policy here excludes coverage for persons who drive without permission, defendant reasons, Erika Jorgensen was not insured under its terms and the accident is not within its coverage or subject to the FRL. Defendant also relies heavily on ORS 806.270, which refers specifically to coverage of persons who drive with the insured's consent, and on cases involving permissive users. Defendant reads the two statutes and the cases to embody the rule that "[p]ermission has always been a prerequisite to coverage of anyone beyond the named insureds." The thrust of the argument appears to be that ORS 806.080 *allows* an insurer to exclude FRL coverage

---

[1] ORS 743.776 was later renumbered as ORS 742.450 and amended by Oregon Laws 1991, chapter 768, section 3. The quoted requirement remains substantially the same.

[2] ORS 806.080 was later amended by Oregon Laws 1991, chapter 768, section 8, in apparent response to *Viking Ins. Co. v. Petersen*, 308 Or 616, 784 P2d 437 (1989), and *Viking Ins. Co. v. Perotti*, 308 Or 623, 784 P2d 1081 (1989), to add language that expressly requires FRL coverage for permissive users.

for anyone but a named insured who uses a vehicle without permission, and ORS 806.270 makes permissive use a *condition of coverage* for persons other than named insureds.

Plaintiffs read the statutes and the cases differently. As they understand ORS 806.080, Erika, as a family member, is covered under the terms of the policy for purposes of the FRL, and the consent exclusion does not affect that status. Plaintiffs suggest that, under defendant's logic, even a named insured would be excluded from coverage by this policy if a second named insured owned the car and refused consent for the first to operate it. Strictly speaking, that suggestion does not accurately characterize defendant's argument, which distinguishes between "named insureds" and "all other persons." Defendant points out that Erika's parents were joint owners of the car, and a joint owner does not need the other's consent to use it.

However, defendant's response misses the point. The concern of plaintiffs' suggestion is not with the specific circumstances of Erika's family, but with the effect that defendant's understanding of the statute would have, *i.e.*, to allow persons who are specifically included in a policy's coverage provisions for reasons other than their status as permissive users to be denied FRL coverage on the basis of an exclusion relating to permissive use. I agree with plaintiffs that that is not what ORS 806.080 says.

Defendant acknowledges that a named insured cannot be required to obtain consent in order to enjoy FRL coverage. I do not discern where in the statute defendant finds that named insureds and persons covered as family members are distinguishable for that purpose. Obviously, a person covered under a policy's terms as a permissive user can (and must) be subject to a consent requirement, but that is so because, without permission, the person would not come within the definition of the coverage. It is not necessary, however, for someone to have consent to use a vehicle in order to come within the definition of a covered "family member."

The premise of defendant's argument is necessarily that named insureds are categorically different from all other insureds for purposes of the coverage required by ORS 806.080 specifically and the FRL generally. I find no basis for

that distinction in the language of the statute. I interpret the phrase "the named insured and all other persons insured under the terms of the policy" in ORS 806.080 to apply in the same manner to the named insureds and the other persons, not to create a distinction between them for purposes of FRL coverage; both are categories of "persons insured under the terms of the policy." That can include permissive users, when they are described in the policy. *See State Farm Fire and Casualty Co. v. Jones*, 306 Or 415, 421, 759 P2d 271 (1988); *see also* n 2, *supra*. However, it also includes persons who are covered for reasons other than their status as permissive users, such as the "family member" involved here. The statute does not contemplate that a person covered by the policy's terms as something other than a permissive user may be excluded from FRL coverage for using the vehicle without permission.

Defendant also relies on ORS 806.270(3)(a) for the proposition that the FRL does not require users other than named insureds to be covered unless they have the insured's permission. That is not a correct understanding. ORS 806.270(3)(a) refers to a

> "policy meeting the requirements under ORS 806.080 *that also covers* all other persons who, with the consent of the insured, use the vehicle." (Emphasis supplied.)

ORS 806.270(3)(a) incorporates the requirements of ORS 806.080 and *also* requires permissive user coverage.[3] The statute does not mean that only permissive users *can* be covered; it means that they are *among* those who *must* be covered.

The case law is also not beneficial to defendant's position. In *Viking Ins. Co. v. Petersen, supra*, n 2, for example, the court held that the FRL was violated by an exclusion of coverage for persons under the age of 25, as applied to a driver who was included in the coverage provisions of the policy as a permissive user. *See also Hartford Acc.*

---

[3] I do not imply that ORS 806.080 did not apply to permissive users covered by the terms of a policy before the 1991 amendment, *see* n 2, *supra*, as well as after. Indeed, *State Farm Fire and Casualty Co. v. Jones, supra*, 306 Or at 421, expressly held that it did have that application. My point is that it does not apply *only* to named insureds and permissive users, when others are also described in the coverage terms of automobile polices.

*and Indem. v. Kaiser*, 242 Or 123, 407 P2d 899 (1969), where the court reached the same conclusion concerning an endorsement that specifically excluded coverage for a named person who was an "omnibus insured" under the policy's financial responsibility endorsement.

Defendant appears to view those and similar cases as bolstering its position that the statutes require coverage only for named insureds and permissive users. In my view, the language in those cases on which defendant relies is attributable to the simple fact that the cases happened to involve permissive users. However, the reasoning in the cases is broader: the proposition they espouse is that the FRL does not allow coverage to be defeated by exclusions and limitations that purport to nullify what ORS 806.080 and other applicable statutes require. *See State Farm Fire and Casualty Co. v. Jones, supra*, 306 Or at 421. Defendant's position differs from that of the insurers *Petersen* and *Kaiser*, in that the latter attempted to exclude permissive users from FRL coverage, while defendant seeks to exclude virtually everyone else. Both positions are equally contrary to the law.

I conclude that Erika was covered by the policy at the time of the accident, at least to the limits required by the FRL.[4] The trial court erred by granting summary judgment for defendant, and the majority is incorrect in affirming the judgment.

Haselton, J., joins in this dissenting opinion.

---

[4] The parties do not dispute whether the policy itself provides coverage beyond what the statutes require under these circumstances, and I do not address that question.