JANE BISCO *et al.*, Plaintiffs-Appellees, v. LIBERTY MUTUAL INSURANCE COMPANY *et al.*, Defendants-Appellants (Country Mutual Insurance Company *et al.*, Defendants).

Third District    No. 3—88—0116

Opinion filed November 15, 1988.

Gary D. Nelson and Nicholas J. Bertschy, both of Heyl, Royster, Voelker & Allen, of Peoria (Roger R. Clayton, of counsel), for appellants.

Allen & Clark, Ltd., of Peoria (Gary L. Clark, of counsel), for appellees.

PRESIDING JUSTICE STOUDER delivered the opinion of the court:.

Liberty Mutual Insurance Company (Liberty) appeals from the circuit court of Peoria County's judgment for Jane and Henry Bisco (the Biscos) on the parties' cross-motions for summary judgment. On January 24, 1986, Jane Bisco was involved in an auto collision with a van owned by United Parcel Service, Inc. (UPS). The driver of the UPS van, an auto body shop employee, was, with the permission of UPS, taking the van to his employer's auto body shop for repairs. The Biscos filed suit against Liberty, claiming that they were entitled to coverage under an insurance policy issued by Liberty to UPS.

Liberty denied liability under the policy, noting the following policy coverage exclusion:

"D. Who is insured?

(1) You are insured for a covered auto. Anyone else is an insured while using with your permission a covered auto you own, hire, or borrow except:

b. Someone using a covered auto while he or she is working in a business of selling, servicing, or repairing or parking autos."

The parties filed cross-motions for summary judgment, and the trial court ruled in favor of the Biscos. We reverse.

■■ Clear and unambiguous provisions of an insurance policy will be given effect absent a contrary statutory provision or public policy consideration. (*Weeks v. Aetna Insurance Co.* (1986), 150 Ill. App. 3d 90, 94, 501 N.E.2d 349, 351.) The Biscos do not argue that the policy exclusion is unclear or ambiguous. They do, however, argue and the trial court agreed that the policy exclusion is contrary to three statutes, namely, the Illinois Commercial Transportation Law (Transportation Law) (Ill. Rev. Stat. 1987, ch. 95½, par. 18c—1101 *et seq.*), the Illinois safety responsibility law (Responsibility Law) (Ill. Rev. Stat. 1987, ch. 95½, par. 7—100 *et seq.*) and the Interstate Commerce Act (Commerce Act) (49 U.S.C. §10101 *et seq.* (1982)). The Biscos argue that these statutes require UPS to provide insurance coverage for their loss and that UPS' insurer cannot, therefore, exclude such coverage. Our review of the statutes persuades us that (1) the use of the UPS van at the time of the accident was not such that it fell within the ambit of either the Transportation Law (Ill. Rev. Stat. 1987, ch. 95½, par. 18c—1101 *et seq.*) or the Commerce Act (49 U.S.C. §10101 *et seq.* (1982)), and that (2) the Biscos have not shown UPS to be within the purview of the Responsibility Law (Ill. Rev. Stat. 1987, ch. 95½, par. 7—100 *et seq.*).

■■■ The Transportation Law (Ill. Rev. Stat. 1987, ch. 95½, par. 18c—1101 *et seq.*) does require motor carriers of property to have proof of continuous insurance on file with the Illinois Commerce Commission or its agent. (Ill. Rev. Stat. 1987, ch. 95½, par. 18c—4901.) The statute specifies, however, in the paragraph listing exceptions from Commission jurisdiction, that its provisions do "not apply to transportation, by motor vehicle *** [w]here the transportation is incidental to and within the scope of the person's primary business purpose, and the primary business purpose is other than transportation." (Ill. Rev. Stat. 1987, ch. 95½, par. 18c—4102(1)(i).) In this case the UPS van was not being used by one who was in the business of transportation. The driver of the van, an auto body shop employee, was simply driving the van to his employer's auto body shop for repairs. Though the driver had the permission of UPS to take the van, he was driving the van in the course of his employment as an auto body shop employee and not as an employee of UPS. The driver was neither delivering property nor returning from the delivery of property at the time of the accident. Thus, while the UPS van may usually be driven within the scope of the Transportation Law (Ill. Rev. Stat. 1987, ch. 95½, par. 18c—1101 *et seq.*) such as to activate that statute's compulsory insurance provisions, the use of the van in this instance was outside the purview of that statute. Accordingly, we hold that the Transportation Law (Ill. Rev. Stat. 1987, ch. 95½, par. 18c—1101 *et seq.*) does not prevent Liberty from invoking the policy exclusion to deny coverage to the Biscos.

■■ The same result obtains under the Commerce Act (49 U.S.C. §10101 *et seq.* (1982)). The Commerce Act (49 U.S.C. §10101 *et seq.* (1982)) permits the issuance of a certificate to only those motor carriers which file with the Commission proof of insurance sufficient to cover losses sustained as a result of the "negligent operation, maintenance, or use of motor vehicles under the certificate ***." (49 U.S.C. §10927(a)(1) (1982).) The Commerce Act (49 U.S.C. §10101 *et seq.* (1982)) specifies, however, that "the Interstate Commerce Commission has jurisdiction over transportation by motor carrier and the procurement of that transportation to the extent that passengers, property, or both, are transported by motor carrier." (49 U.S.C. §10521(a) (1982); see also 49 C.F.R. §387.3 (1987) ("This subpart applies to for-hire motor carriers operating motor vehicles transporting property in interstate or foreign commerce").) As we have discussed above, the UPS van in this case was not being used for purposes of transportation of passengers or property; the van was being driven by an auto body shop employee to the auto body shop for repairs. Thus, this vehi-

cle was not being used within the purview of the Commerce Act (49 U.S.C. §10101 *et seq.* (1982)) such that the statute's compulsory insurance requirements would apply. Accordingly, we hold that the Commerce Act (49 U.S.C. §10101 *et seq.* (1982)) does not prevent Liberty from invoking the policy exclusion to deny coverage to the Biscos.

■ The Biscos also argue that the Responsibility Law (Ill. Rev. Stat. 1987, ch. 95½, par. 7—100 *et seq.*) mandates that the policy issued to UPS by Liberty cover their loss. The Biscos do not argue that UPS came within the purview of that statute. (See Ill. Rev. Stat. 1987, ch. 95½, par. 7—301.) Rather, they contend that its provisions apply because UPS voluntarily adopted the statute in the following endorsement within the policy:

"CHANGES IN POLICY—ILLINOIS

For a covered auto licensed or principally garaged in, or garage operations conducted in Illinois, the policy is changed as follows:

A. Changes in Liability Limits.

1. Our limit of liability applies except that we will apply the limits shown in the declarations to first provide the separate limits required by the Illinois Safety Responsibility Law as follows:

    a. $15,000 for bodily injury to any one person caused by any one accident;

    b. $30,000 for bodily injury to two or more persons caused by any one accident;

    c. $10,000 for property damage caused by any one accident.

    This provision will not change our total limit of liability."

From this the Biscos argue that, in adopting the statute, the policy issued to UPS is required to have an omnibus clause, sometimes known as a permissive user clause, pursuant to section 7—317 of the Responsibility Law. (Ill. Rev. Stat. 1987, ch. 95½, par. 7—317.) The Biscos then argue that the driver of the UPS van in this case was a permissive user and that damage incurred as a result of his use must, therefore, be covered by the policy. In support of their argument, the Biscos cite to *Landis v. New Amsterdam Casualty Co.* (1952), 347 Ill. App. 560, 107 N.E.2d 187, *Konrad v. Hartford Accident & Indemnity Co.* (1956), 11 Ill. App. 2d 503, 137 N.E.2d 855 (1956), and *Safeway Insurance Co. v. Harvey* (1976), 36 Ill. App. 3d 388, 343 N.E.2d 679. Rather than review each of the Biscos' appellate court cases, we will simply note that the Illinois Supreme Court has decided that the ex-

istence of a financial responsibility endorsement in an insurance policy does not require application of the financial responsibility statute unless the named insured, by accident or otherwise, has come within the purview of the statute. *McCann v. Continental Casualty Co.* (1956), 8 Ill. 2d 476, 134 N.E.2d 302, *affirming McCann v. Continental Casualty Co.* (1955), 6 Ill. App. 2d 527, 128 N.E.2d 624 (rejecting the analyses posited by *Landis* and *Konrad*).

■ Thus, the existence of the financial responsibility endorsement in this policy does not require that the omnibus provisions of the Responsibility Law (Ill. Rev. Stat. 1987, ch. 95½, par. 7—100 *et seq.*) be applied. Moreover, the Biscos have not shown that UPS otherwise came within the purview of the Responsibility Law. (Ill. Rev. Stat. 1987, ch. 95½, par. 7—100 *et seq.*) In the absence of such a showing, we are not inclined to determine whether the Responsibility Law (Ill. Rev. Stat. 1987, ch. 95½, par. 7—100 *et seq.*) would otherwise prevent Liberty from denying coverage to the Biscos.

Therefore, we conclude that the Biscos have failed to present a statute or policy consideration which prevents Liberty from invoking the policy exclusion to deny coverage to the Biscos. The trial court erred in holding otherwise. Accordingly, we reverse the decision of the circuit court of Peoria County.

Reversed.

HEIPLE and WOMBACHER, JJ., concur.