JANE BISCO et al., Plaintiffs-Appellants, v. LIBERTY MUTUAL INSURANCE COMPANY et al., Defendants-Appellees.—JANE BISCO et al., Plaintiffs-Appellants, v. UNITED PARCEL SERVICE, INC., et al., Defendants-Appellees.

Third District   Nos. 3—90—0146, 3—90—0147 cons.

Opinion filed October 5, 1990.

Frederick W. Allen, Ltd., of Peoria (Gary L. Clark, of counsel), for appellants.

Gary D. Nelson, of Heyl, Royster, Voelker & Allen, of Peoria (Karen Kendall, of counsel), for appellees United Parcel Service, Inc., and Laverne Ruestman.

Gary D. Nelson, of Heyl, Royster, Voelker & Allen, of Peoria, for appellees Liberty Mutual Insurance Company, Country Mutual Insurance Company, and Scott Ruestman.

JUSTICE STOUDER delivered the opinion of the court:

The plaintiffs, Jane and Henry Bisco, appeal from the entry of judgment in favor of the defendants, Liberty Mutual Insurance Company (Liberty Mutual) and United Parcel Service, Inc. (UPS). The Biscos also appeal from the entry, in separate proceedings, of summary judgment in favor of UPS. The cases were consolidated for purposes of this appeal. Defendants Scott Ruestman and Laverne Ruestman are not directly involved in these appeals.

These actions arise out of a common event. On January 24, 1986, Jane Bisco was involved in a collision between her vehicle and a van owned by UPS. The driver of the van, Scott Ruestman, was an employee of an auto body shop owned by Laverne Ruestman. Ruestman was driving the van to the auto body shop for maintenance and repairs.

On April 10, 1986, the Biscos filed an action for declaratory judgment against Liberty Mutual, UPS and the Ruestmans seeking a declaration that a policy issued by Liberty afforded coverage to UPS. Liberty Mutual denied coverage under the policy, noting the following policy coverage exclusion:

"D. Who is insured?

(1) You are insured for a covered auto. Anyone else is an insured while using with your permission a covered auto you own, hire, or borrow except:

* * *

b. Someone using a covered auto while he or she is working in a business of selling, servicing, or repairing or parking autos."

On April 16, 1986, the Biscos filed a negligence action against the Ruestmans and UPS. They alleged that UPS was vicariously liable for the actions of Scott Ruestman.

Following a hearing in the declaratory judgment action, the trial court granted the Biscos summary judgment. This court reversed, finding that the Biscos had "failed to present a statute or policy consideration which prevents Liberty from invoking the policy exclusion to deny coverage to the Biscos." (*Bisco v. Liberty Mutual Insurance Co.* (1988), 176 Ill. App. 3d 280, 285, 530 N.E.2d 1163.) Citing this court's decision, Liberty Mutual and UPS moved for judgment, which was granted by the trial court. The present appeal is from that judgment and is brought pursuant to Supreme Court Rule 304(a) (107 Ill. 2d R. 304(a)).

In the negligence action, the Biscos moved for summary judgment on the issue of the vicarious liability of UPS. UPS in turn also filed a motion for summary judgment. The trial court granted UPS's motion and the Biscos appeal.

On appeal in the declaratory judgment action, the Biscos contend this court's ruling in *Bisco v. Liberty Mutual Insurance Co.* (1988), 176 Ill. App. 3d 280, 530 N.E.2d 1163, was overruled by a subsequent pronouncement of the Illinois Supreme Court and is no longer the law of the case. The Biscos argue that the trial court erred in granting judgment to the defendants because the law of the case was effectively overruled between the time of this court's decision and the trial court's entry of judgment pursuant to that decision.

■ The doctrine of the law of the case holds that where a court of review announces a particular view of the law governing the case and reverses and remands the case, if the case is again brought before such court of review, the former decision is binding on the court making it, and the questions decided and determined by it on the first appeal are not open for reconsideration on the second appeal. (*Zerulla v. Supreme Lodge Order of Mutual Protection* (1906), 223 Ill. 518, 79 N.E. 160.) However, an appellate court on the second appeal in a cause is not obliged to adhere to a proposition of law laid down in the

first appeal where the Illinois Supreme Court has, since the first appeal, decided the precise question contrary to the rule as first announced by the appellate court. (*Relph v. Board of Education of De-Pue Unit School District No. 103* (1981), 84 Ill. 2d 436, 420 N.E.2d 147.) The issue, therefore, in this case is whether following this court's decision in the Biscos' first appeal, the supreme court reached a contrary conclusion on the precise issue raised in that appeal.

■■ The Biscos contend that *American Country Insurance Co. v. Wilcoxon* (1989), 127 Ill. 2d 230, 537 N.E.2d 284, overruled this court's decision in their first appeal. We find this contention to be without merit. In *Wilcoxon*, the issue was whether an insurer was permitted to exclude from a surety bond, issued pursuant to the Illinois financial responsibility statute governing taxicab owners, coverage for members of the public who are injured through the negligence of a cabdriver who did not enter into a lease with the cab company whose cab he was driving. The issue centered on whether the cab company and its surety could in a private agreement repeal or diminish the effect of the initial permission doctrine as codified in the Illinois Vehicle Code (Ill. Rev. Stat. 1985, ch. 95½, par. 1—101 *et seq.*).

In their first appeal, the Biscos claimed that the exclusion contained in the Liberty Mutual policy was contrary to three statutes. This court concluded, however, that "the use of the UPS van at the time of the accident was not such that it fell within the ambit of either the Transportation Law [Citation] or the Commerce Act [citation], and that *** the Biscos [had] not shown UPS to be within the purview of the Responsibility Law [citation]." (*Bisco v. Liberty Mutual Insurance Co.* (1988), 176 Ill. App. 3d 280, 282, 530 N.E.2d 1163, 1164.) In *Wilcoxon*, there was no question that the responsibility law was applicable, and the court therefore addressed the substantive question of whether the provisions of surety bond violated the statute. In the Biscos' first appeal, this court held that the Biscos had failed to show that UPS came within the purview of the responsibility law. This is a separate and distinct issue from what is or is not allowed under the statute. Therefore, *Wilcoxon* did not address the precise issue decided by this court in the Biscos' first appeal, and the trial court correctly entered judgment in the declaratory judgment action.

■■ ■ On appeal in their negligence action, the Biscos contend that the trial court erred in finding that UPS was not vicariously liable for the actions of Scott Ruestman. The Biscos concede that Ruestman was not an employee of UPS, but rather was an employee of an independent contractor hired by UPS. They also concede that generally an employer is not liable for the acts of an independent contrac-

tor. (See *Spivey v. Brown* (1986), 150 Ill. App. 3d 139, 502 N.E.2d 23.) However, they argue that this case falls within the exceptions to the general rule. We have reviewed the sections of the Restatement (Second) of Torts and the cases cited by the Biscos and find them inapposite. The actions of Ruestman did not entail activity of an ultra-hazardous nature nor did they involve a nondelegable duty. He was driving the van to a repair shop for repainting. The trial court correctly ruled that as a matter of law UPS could not be held vicariously liable under this set of facts.

For the foregoing reasons, the judgments of the circuit court of Peoria County in case Nos. 3—90—0146 and 3—90—0147 are affirmed.

Affirmed.

HEIPLE, P.J., and GORMAN, J., concur.