GUARANTY NATIONAL INSURANCE COMPANY, Plaintiff-Appellant, v. DONALD M. KOCH, d/b/a Koch Trucking, *et al.*, Defendants-Appellees.

Fourth District   No. 4—92—0367

Opinion filed March 31, 1993.

Joseph R. Davidson and Peter M. Gannott, both of Bernard & Davidson, of Granite City, and Schindel, Cooper & Farman, of New York, New York (Laurence J. Rabinovich, of counsel), for appellant.

J. Todd Hayes, of Burroughs, Simpson, Hepler, Broom & MacDonald, of Edwardsville (Gordon R. Broom, of counsel), for appellees CILCORP, Inc., and Central Illinois Light Company.

David V. Dorris, of Jerome Mirza & Associates, Ltd., of Bloomington, for appellee George Miller, Jr.

Gregory A. Becker and Ronald S. Motil, both of Becker & Motil, P.C., of Granite City, for appellee Aleece Opel.

Randy Koch, of Alhambra (Donald M. Koch, of counsel), appellees *pro se*.

Jon G. Carlson, of Jon G. Carlson & Associates, P.C., of Edwardsville, for appellee Everett Gecht.

JUSTICE COOK delivered the opinion of the court:

Guaranty National Insurance Company (Guaranty) brought this declaratory judgment action to determine whether the policy it issued to Donald Koch and Koch Trucking provided coverage for an accident occurring outside the policy's 50-mile coverage radius and, if so, the appropriate amount of coverage. After a bench trial, the trial court found that the policy issued to Koch was modified by an endorsement filed by Guaranty with the State of Illinois, which had the effect of providing coverage up to the amount of $750,000. The only issue raised by Guaranty on appeal is the amount of coverage.

Koch operates a motor carrier business, Koch Trucking Company, Alhambra, Illinois. To comply with the Illinois Commercial Transportation Law (Transportation Law) (Ill. Rev. Stat. 1991, ch. 95½, par. 18c—4202), Koch applied for and received a "Certificate of Public Convenience and Necessity as a Common Carrier of Property by Motor Vehicle" which allowed him to serve the entire State of Illinois. The certificate of public convenience allowed Koch to pick up loads within a 50-mile radius of Alhambra and deliver them anywhere

in the State; it further allowed Koch to pick up loads anywhere in the State and deliver them within a 50-mile radius of Alhambra. The Transportation Law requires insurance coverage for all vehicles operated by a motor carrier. (Ill. Rev. Stat. 1991, ch. 95½, par. 18c–4901.) The statutory minimum liability insurance coverage which an intrastate carrier such as Koch must have is $100,000 for the injury or death of each person with a maximum of $300,000 for all claimants in one accident. (92 Ill. Adm. Code §1425.30(a) (1991) (eff. October 1, 1987).) From June 1, 1986, until June 1, 1987, Koch had insurance coverage for his trucking business with limits of $750,000 for accidents within a 300-mile radius of Alhambra, at a premium of $8,864. For 1987-88, Koch purchased $750,000 worth of coverage with "a radius in excess of 200 miles," at a premium of $7,616. Both policies were sold to Koch by David Alender, an insurance broker, whom the trial court found to be an agent of Koch.

In February 1988, Koch again sought to purchase insurance. Alender contacted Snyder General Agency, a managing general agent of Guaranty in the State of Wisconsin. Snyder had authority to "bind" and issue policies on behalf of Guaranty up to a $500,000 liability limit. Since Koch desired a $750,000 limit, Snyder contacted Guaranty and received authority to issue a policy with that limit. At that time, Snyder believed the Illinois Commerce Commission (the Commission) required a minimum of $750,000 of insurance for motor carriers of property. Snyder quoted Alender premiums for policies with a 300-mile radius and with a 50-mile radius. At Alender's request, Snyder issued a policy insuring Koch for accidents within a 50-mile radius of Alhambra, Illinois, and a liability limit of $750,000. The premium was $8,200.

On February 16, 1988, Guaranty filed a certificate of insurance (form E) with the Commission as proof of insurance as required by the Transportation Law (Ill. Rev. Stat. 1991, ch. 95½, par. 18c–4901) and the Illinois Administrative Code (92 Ill. Adm. Code §1425.20(a) (1991)). The form E certificate states "by attachment of the uniform motor carrier bodily injury and property damage liability insurance endorsement" (form F), the policy has "been amended to provide automobile bodily injury and property damage liability insurance covering the obligations imposed upon such motor carrier by the provisions of the motor carrier law of the State." (49 C.F.R. pt. 1023, app. (form E), at 101 (1991).) Additionally, form F provides:

> "1. The certification of the policy, as proof of financial responsibility under the provisions of any State motor carrier law or regulations promulgated by any State commission having

jurisdiction with respect thereto, amends the policy to provide insurance for automobile bodily injury and property damage liability in accordance with the provisions of such law or regulations *to the extent of the coverage and limits of liability required thereby.*" (Emphasis added.) 49 C.F.R. pt. 1023, app. (form F), at 101 (1991).

On November 16, 1988, a truck owned by Koch and driven by Randy Koch, operating pursuant to the Illinois certificate of public convenience of Koch Trucking, was involved in an accident. The accident occurred more than 50 miles from Alhambra, but involved a load picked up within 50 miles of Alhambra, to be delivered within the State of Illinois.

Guaranty now concedes the effect of its certificate of insurance and endorsement is to require it to protect members of the public from the use of any Koch Trucking vehicle, anywhere in the State of Illinois. Guaranty argues that when an insurer's liability is based on a statutory endorsement, the measure of its liability is that of the statute, not that of the policy. Guaranty argues that where liability is established through an endorsement, the terms of that endorsement control over those of the policy. (See *Vole v. Atlanta International Insurance Co.* (1988), 172 Ill. App. 3d 480, 483, 526 N.E.2d 653, 655 ("[i]f there is a conflict between the main policy and the endorsement, the endorsement will control").) Guaranty argues that here its liability for the accident arose pursuant to the endorsement and not the underlying policy.

■ The general rule is that an insurer's liability for an accident for which a statute requires coverage, but the policy does not provide coverage, is limited to the amount of coverage required by the statute. (*Landis v. New Amsterdam Casualty Co.* (1952), 347 Ill. App. 560, 569, 107 N.E.2d 187, 192; *Konrad v. Hartford Accident & Indemnity Co.* (1956), 11 Ill. App. 2d 503, 527, 137 N.E.2d 855, 867 (endorsement limited by its terms to $5,000, the statutory limit); see also *American Tours, Inc. v. Liberty Mutual Insurance Co.* (1986), 315 N.C. 341, 350, 338 S.E.2d 92, 98.) This should be true even though the policy arguably incorporates what is said in the statute. A different rule may apply where the policy is thought not to cover because of an exclusion but the exclusion is held to violate public policy. (*Meyer v. State Farm Mutual Automobile Insurance Co.* (Colo. 1984), 689 P.2d 585, 592-93.) Koch attempts to distinguish *Landis* and *Konrad* as cases where policy language specifically limited coverage to the amount required by the statute. Form F does the same here, however; it amends the policy to provide insurance "in accordance

with the provisions of such law or regulations *to the extent of the coverage and limits of liability required thereby.*" (Emphasis added.) (49 C.F.R. pt. 1023, app. (form F), at 101 (1991).) The emphasized language is almost identical to that in *Landis*. Department of Insurance regulations further provide that the filing of a certificate binds the insurer to "the minimum terms required." 92 Ill. Adm. Code §1425.20(b), at 6847 (1991).

The *Landis* holding that a financial responsibility endorsement incorporates the provisions of the financial responsibility statute into the policy, even if the named insured is not within the purview of the financial responsibility statute, has been rejected. (*McCann v. Continental Casualty Co.* (1956), 8 Ill. 2d 476, 134 N.E.2d 302; *Bisco v. Liberty Mutual Insurance Co.* (1988), 176 Ill. App. 3d 280, 284-85, 530 N.E.2d 1163, 1165; *de los Reyes v. Travelers Insurance Cos.* (1990), 135 Ill. 2d 353, 359, 553 N.E.2d 301, 304.) The portion of *Landis* relevant to this case, however, remains intact.

In *Smith v. Richard* (1985), 134 Ill. App. 3d 378, 480 N.E.2d 859, the insurer of a postal service contract carrier was required to file a certificate with the service, agreeing to notify the service of any lapse in the policy. The insurer cancelled the policy by notice to the insured, but failed to notify the postal service. This court held that the failure to give notice to the postal service kept the policy in force, not at the $10,000 minimum limit required by postal regulations, but at the stated limits of the policy. (*Smith*, 134 Ill. App. 3d at 386, 480 N.E.2d at 864.) We see a distinction between restrictions on the cancellation of a policy and requirements that a policy cover losses to which it otherwise would not apply. The only issue in *Smith* was that of cancellation; once the court found the policy had not been cancelled, it remained in effect as written. In the present case the policy never covered liability outside the 50-mile radius limit. The only bases for insurer liability are the statute and the certificate, not the policy. The insurer should not be obligated to provide more coverage than required by the statute. The policy in *Smith* contained an endorsement which stated: "This endorsement is a part of *your* policy. Except for the changes it makes, all other terms of the policy remain the same and apply to this endorsement." (Emphasis in original.) (*Smith*, 134 Ill. App. 3d at 382, 480 N.E.2d at 861.) This court recognized in *Smith* that there were arguments in favor of a contrary ruling. (*Smith*, 134 Ill. App. 3d at 386, 480 N.E.2d at 864.) We see no reason to depart from the general rule expressed in *Landis* in this case.

■ Koch argues it was his intent to have policy limits of $750,000. It is, however, the intention of the parties as expressed in

their agreement which is controlling. (*de los Reyes*, 135 Ill. 2d at 358, 553 N.E.2d at 304.) Even if Koch's private intent were relevant, it is clear that he or those acting on his behalf consciously chose a policy which would provide no coverage for this accident. Koch could have chosen a policy with a 300-mile radius; instead he chose a policy with a 50-mile radius, at a reduced premium.

We hold that the form E certificate and form F endorsement, in accordance with the Transportation Law and the regulations promulgated by the Commission, amended the policy to provide liability coverage up to the statutory and regulatory limits for accidents occurring outside of the 50-mile radius. As liability arose under the Transportation Law, and not the policy, we are bound to apply the minimum requirements set out by the Transportation Law and the corresponding regulations. Accordingly, those limits of $100,000 per injury and $300,000 per accident apply here.

We reverse and remand to the circuit court for further proceedings in accordance with this opinion.

Reversed and remanded.

McCULLOUGH and GREEN, JJ., concur.